Derbigny, J.
delivered the opinion of the court. In this case, judgment was rendered in this court against the present applicants, as executors testamentary of the late Jean Louis Faús-sier. 4 Martin, 609. And execution having issued against them in their capacity, the writ *646 was returned with the endorsement : “ no pro- * perty found ” This being considered, as a re-fusai on the part of these applicants, to exhibit the goods of the estate which they administer, the plaintiff prayed that the execution might be levied on their own property, and the writ hav- . * ,. . ,. - ing issued accordingly, application is made to court for relief against that proceeding,
The question to be decided here, is whether * ’ an Executor, who does not exhibit any goods of the estate of his testator, makes himself liable at once to have the execution levied upon his own.
The common law rule, according to which an executor, who does not plead the want of assets, makes himself liable to pay out of his own property, is not known in our practice. With us, an executor, when sued for a debt of the estate, is not bound to make any other defence than that which the testator himseif might have made. If judgment goes against the estate, execution is. of course, levied upon its goods. But what if the executor exhibits none ? Is the plaintiff then driven to the necessity of bringing another action against the executor himself, and of proving either, that he has goods of the estate which.he conceals, or that he had such goods, and wasted them ? The practice does not seem to be settled positively : at least we have not found in the Spanish practical books within our reach, any *647 express rule of proceeeding upon the subject. In the Curia Philipica, part 2, § 10, no. 12, we see that, <! against the tutor or curator, no execution ought to issue for the debt of the minor, unless he does not exhibit the property of his pupil, &c.” Febrero, upon the same subject expresses himself as follows : “ although the tutor should have bound himself as such for the debts of his minor, no execution ought to issue against him, nor against his property, unless he should fail to exhibit the goods of his pupil, for upon his offering to render his account for the purpose of paying, (as it is customary to stipulate it in such contracts) he must be sued in the ordinary-way, because by his offer, he arrests the executive proceedings, until the balance of his account be ascertained, &c.” Febrero, Cinco Juicios, 3, 2, § 2, no. 82.—Making every allowance for the difference now existing, between the Spanish practice and ours, the amount of this doctrine is, that unless a tutor (and the same principles certainly apply to an executor) exhibits the property which he administers, he is at once liable to execution against his own ; but, that he may obtain immediate relief by offering to render his account. This mode of proceeding is attended v/ith no hardship : the executor holds his own fate in his hands ; if he is a faithful administrator, he can exonerate himself by shewing the sitúa *648 tion of the estate ; if not, it is as well that he should be made at once answerable, as that the creditor should be obliged to resort to another action. It is not for this court to say, how he is to proceed in the first case : we cannot make rules of practice for the other courts ; but when no precise mode of proceeding is established, any step, which may lead to the end pointed out by law, must be deemed regular.
Seghers for the plaintiff, Livingston for the defendants.
The rule obtained in this case must be discharged, and the applicants left to seek relief according to the principles above recognized.
It is accordingly ordered, adjudged and decreed, that the rule calling upon the judge of the first district, to shew cause, why the fieri facias issued in this case, against the property of the applicants should not be set aside, be discharged.