HICKY *vs.* SHARP.

---

HICKY *vs.* SHARP.

APPEAL FROM THE COURT OF THE THIRD DISTRICT.

All matters which may be specially pleaded in defence, are open to the admission of evidence of every fact which might be legally opposed to them in pleading.

A defendant is not entitled to a continuance on the score of surprise, when by the proceedings on a former trial of the same cause, he is apprized of the grounds assumed by the plaintiff, and the nature of the proof in support of them.

One of the heirs has no right to demand a debt due to all the heirs; nor will the naked possession of the evidence of the debt, increase the right.

An agent with a naked power to collect, cannot transfer to a third person with notice, a power coupled with an interest, which which will vest such right and title in the instrument, as enables the agent to use it not for collection, but for the payment of his own debts.

An attorney or mandatory, cannot take his own paper in payment of a debt due to his principal.

HICKY
vs.
SHARP.

The facts are stated in the opinion of the court, delivered by PORTER, J.

This is an action to recover from the defendant, the sum of one thousand one hundred dollars, due for the price of a negro slave purchased at the sale of the succession of the ancestors of the minor. The existence of the debt does not appear to be disputed. The contest between the parties has grown out of a plea in compensation set up by the defendant, by which he claims to have deducted from the demand of the petitioner, the amount of two notes due by the ancestors of the minor, to the heirs and representatives of one Hinson, deceased. The said ancestor and the defendant, being co-heirs of Hinson, and with others whose names it is not necessary to set out, entitled to the succession left by her.

On the trial of the cause in the District Court, the plaintiff offered evidence to show how the notes pleaded in compensation, had come into the possession of the defendant. The latter objected to the evidence on the ground, there was no allegation on the part of the former, that the defendant had obtained the notes by fraudulent or improper practices. The court overruled the objection, and permitted the proof to be made; and to this decision of the court, a bill of exceptions was taken.

*All matters which may be specially pleaded in defence are open to the admission of evidence of every fact, which might be legally opposed to them in pleading.*

We are of opinion the judge did not err; our law not recognising, nor indeed permitting, replications to answers. All the matters which may be specially pleaded in defence, are open to the admission of evidence of every fact which might be legally opposed to them in pleading. If the defendant is surprised by the production of proof, of which he was not informed by the previous proceedings, the remedy is by an application for a new trial.

*A defendant is not entitled to a continuance on the score of surprise, when by the proceedings on a former trial of the same cause, he*

In this instance surprise was alleged, and further time prayed for, to enable rebutting testimony to be produced. The court refused to grant the delay, and in our opinion, correctly refused it; it appearing on the previous trial in the same court, that similar grounds had been assumed by the plaintiff, and evidence of the same kind offered.

The testimony shows that the estate of Mrs. Hinson is yet unsettled; that the notes in question were deposited with the parish judge for collection; that he is ignorant how they came into the possession of the defendant There is no evidence on the record, nor has any formal admission been made, what interest Le Gras, the payee and endorser, had in these obligations, but from the course the argument took, and from the proof given, that the notes belonged to the succession of Hinson, and were executed for the price of two slaves purchased at the sale of the estate, we assume that Le Gras was a surety of the purchaser, and that he had no interest in the notes, except to see them paid.

is apprized of the grounds assumed by the plaintiff, and the nature of the proof in support of them.

The defendant as one of the heirs of the succession of Mrs. Hinson, has no right to demand a debt due to all the heirs; and the naked possession of the evidence of the debt, does not increase that right. Recovery can only be had in the name of the representatives of the estate, or by some person under a power of attorney from them, or by an agent to whom negotiable paper has been passed with a blank or special endorsement. The counsel who argued the cause for the appellee, understood the doctrine correctly, and hence they argued, that as Tessier was the general agent, all the authority vested in him for collection, passed to the defendant. But this position is successfully assailable on two grounds. First, it does not appear Tessier ever substituted the defendant as agent. Then if it did so appear, it is doubtful if he had such a power; and admitting he had, it is clear an agent with a naked power to collect, cannot transfer to a third person with notice, a power coupled with an interest, which will vest such right and title in the instrument, as enables the agent to use it, not for collection, but for the payment of his own debts. It is well settled an attorney or mandatory, cannot take his own paper in payment of a debt due to the principal.

One of the heirs has no right to demand a debt due to *all the heirs*; nor will the naked possession of the evidence of the debt, increase the right.

An agent with a naked power to collect, cannot transfer to a third person with notice, a power coupled with an interest, which will vest such right and title in the instrument, as enables the agent to use it not for collection, but for the payment of his own debts.

An attorney or mandatory cannot take his own paper in payment of a debt due to his principal.

It is, therefore ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and

reversed; and it is further ordered, adjudged, and decreed, that plaintiff do recover of the defendant, the sum of one thousand one hundred dollars, with interest at the rate of five per centum on the one-half of said sum, from the 31st March, 1824, until paid; and with interest at the same rate on the other half of said sum, from the 31st March, 1825, until paid; together with costs in both courts: And it is further ordered, that the negro Lewis, mentioned in the petition, be seized and sold in satisfaction of the judgement.