No. 3682.

A. MILTENBERGER & Co. *v.* W. H. KEYS, Sheriff and als.

Where a fair and correct settlement was made between A. Verret and his sons-in-law, W. H. and J. M. Knight, in which the mortgage judgments in favor of their wives against Verret were placed to their credit and reduced their own indebtedness *pro tanto*, and subsequently W. H. and J. M. Knight transferred said judgments to Adams & Co., and their wives ratified the transfer ;

Held —That Adams and Co., obtained no mortgage under said transfer, because the judgments thus transferred had been extinguished by the settlement between W. H. Knight, J. M. Knight and A. Verret, which was a valid one. The husbands could have sold those judgments or collected the amount of the judgments and used the money in payment of their debts, or in any other way they had chosen.

The power of the husband to administer the wife's property is different from that of an ordinary attorney. One essential difference is, that the husband may lawfully appropriate to his own use the money of his wife, collected by him. The attorney can not.

APPEAL from the Fifteenth Judicial District Court, parish of Terrebonne. *Beattie,* J. *Rightor* and *McCollam, Legendre* and *Porche,* for plaintiffs and appellants. *Goode* and *Winder,* for defendants and appellees.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

LUDELING, C. J. Marie Louise and Marie Elizabeth, daughters of Adolphe Verret, of Terrebonne, had a legal mortgage upon their father's property to secure the sum of eleven thousand four hundred and forty-nine dollars, as shown by a final account of A. Verret, homologated on the twenty-seventh of April, 1852.

The general mortgage was converted into a special mortgage on the undivided half of a plantation in Terrebonne. Louise and Elizabeth Verret, having intermarried with William H. and John M. Knight, brought suit against their father and obtained judgments against him in July 1867, each for five thousand seven hundred and twenty-four dollars, with legal interest from twenty-seventh April, 1852, with recognition of their mortgages.

On the twenty-second of May, 1869, a settlement was made between

A. Verret and his sons-in-law, W. H. and J. M. Knight, in which the judgments in favor of their wives were placed to their credit, and re-duced their indebtedness to Adolphe Verret *pro tanto.*

This settlement is evidenced by a written memorandum signed by the parties—and, in this case, the Messrs. Knight and Adolphe Verret have testified that the settlement was a fair and correct settlement of their affairs.

Subsequently, on the eighth of June, 1869, the Messrs. Knight trans-ferred to Adams & Co. the two judgments obtained by their wives against A. Verret, and their wives ratified the transfer.

A. Miltenberger & Co., who hold a mortgage next in rank after the mortgages of Louise and Elizabeth Verret, on the property of Adolphe Verret, contest the right of Adams & Co. to a mortgage under the transfer to them of the judgments in favor of Louise and Elizabeth Verret *v.* A. Verret, on the ground that the said judgments were ex-tinguished by the settlement between W. H. & J. M. Knight and Adolphe Verret, made on the twenty-second of May, 1869.

The question presented for our decision is, was the settlement made by the Messrs. Knight, of their wives' judgments, valid or not; had they the right to use the judgments as they did? We are at a loss to imagine why the settlement was not valid. The husbands could un-doubtedly have sold those judgments or collected the amount of the judgments, and used the money in payment of their debts, or in any other way they had chosen; and we can see no reason why, instead of taking the money from A. Verret and then immediately returning it to him, they could not accomplish the same thing by a written statement of their accounts and settlement. C. C. 2390, 2285; 4 R. 114; 12 Rob. 524; 19 La. 440; 12 An. 562; 13 An. 536.

The cases of Nolan *v.* Rogers, 4 N. S. 145, and Hickey *v.* Tharp, 4 La. 336, relied upon by the defendants, have no application to the question at issue in this case. They relate to the powers of an ordi-nary attorney. The case of Hourahan *v.* Leclercq, 15 An. 204, is also relied upon, and it appears to have some application to the case in hand. A careful examination of the case, however, satisfies us that the portion of the opinion which bears upon the question, to wit: the right of the husband to receive his own debts in payment of debts due to his wife, is an *obiter dictum.* In that case the court said: " The hus-band, in the administration of the wife's separate estate, acts as her mandatory or agent, and his power or authority to receive his own debts in payment of debts due to his wife, must be determined by the rules of law which regulate the contract of mandate. And according to these rules, an agent has no authority to take his own obligations in payment of debts due to his principal. Hickey *v.* Tharp, 4 La. 337; Nolan *v.* Rogers, 4 N. S. 145."

It is needless to say that the power of the husband to administer the wife's property is different from that of an ordinary attorney. One essential difference is, that the husband may lawfully appropriate to his own use the money of his wife collected by him; the attorney can not. C. C., 2390.

We are of opinion that the settlement made on the twenty-second of May, 1869, was valid, and that the judgments in favor of Marie Louise and Marie Elizabeth Verret, wives of W. H. and J. M. Knight, against Adolphe Verret, were extinguished by payment.

This view of the case renders it unnecessary to examine the bills of exception taken in this case.

It is therefore ordered and adjudged that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the plaintiffs perpetuating the injunction, that the recorder of the parish of Terrebonne do cancel and erase the special and judicial mortgages in favor of the said Marie Louise and Marie Elizabeth Verret, wives of W. H. and J. M. Knight, against the property of Adolphe Verret described in the petition for injunction, and that the defendants pay costs of both courts.

Rehearing refused.