### Susan M. D. Bridgman *vs.* William E. Bridgman & another.

Hampshire. Sept. 18.— Nov. 1, 1884.    C. Allen & Colburn, JJ., absent.

D. died in 1852, leaving a will, of which he appointed B. executor, and made B. and his wife residuary legatees of his estate. B. administered the estate, of which there was a residue. For one half of the amount of this residue, B. made a promissory note to his wife, which stated that it was "given for D.'s legacy." B., although able to do so, never paid the amount of her legacy to his wife, but retained it with her consent, and mingled it with his own property. B. died, leaving a will, by which he gave various bequests to his wife, but did not mention the note or legacy under D.'s will. *Held,* that B.'s wife could not maintain a bill in equity against the executor of B.'s will to establish a trust in her favor for the amount of the legacy.

BILL IN EQUITY, by the widow of Calvin Bridgman, to establish a trust for her benefit in certain moneys in the hands of the executors of his will. Hearing before *C. Allen*, J., who reported, for the consideration of the full court, the following case :

Pliny Dwight died in 1852, leaving a will, in which he appointed Calvin Bridgman executor, and constituted him and his wife, the present plaintiff, residuary legatees of his estate. Calvin Bridgman was duly appointed executor by the Probate Court, gave bond, and administered the estate, but never filed any inventory or account in the Probate Court. There was a residue in money after payment of expenses, debts, and other legacies. For one half of the amount of this residue in money, he executed and delivered to the plaintiff his promissory note, payable on demand, with interest ; and afterwards took up that note and executed another in renewal thereof, as follows :

"$630.00. Belchertown, January 1st, 1862. For value received, I promise to pay Susan M. D. Bridgman, or order, six hundred and thirty dollars on demand, with interest. (Given for Pliny Dwight's legacy.) Calvin Bridgman."

On the note was the following indorsement : "Received, July 3d, 1878, on the within note, five dollars."

The amount stated in this note was ascertained by computing compound interest on the principal sum of the note originally delivered to the plaintiff, and adding such interest to the original sum.

Bridgman was always a man of property, and was well able to pay the amount of the legacy to his wife at any time, but never in fact paid it to her ; but he retained the amount with her consent, as a matter of convenience for the safe keeping of her property, and the notes were given as a convenient method of showing the value of her share of the residuary bequest. This money was not invested by itself in any separate and distinct security for her benefit ; and there was no evidence to show that it was agreed or understood between them that it was to be so invested.

Bridgman died in 1882, leaving property to the amount of $45,000, and a will, in which he gave various specific devises and bequests to the plaintiff, and various bequests in money to others, and constituted the defendants residuary legatees and

executors; but made no mention of, or reference to, the note or legacy under the will of Pliny Dwight.

*G. D. Williams*, for the plaintiff.

*S. S. Taft*, for the defendants.

DEVENS, J.   The will of Pliny Dwight, of which Calvin Bridgman was executor, was proved in 1852, and the legislation which has since materially changed the rights of the husband, as they existed at common law, in the property of the wife, does not affect the questions which relate to this legacy, and the reduction of it to possession.   The note in question was executed in renewal of an earlier note, is in form a promise by the husband to the wife to pay the sum named therein, with interest, and in terms is " given for Pliny Dwight's legacy." Any lawful exercise of ownership by the husband over his wife's chose in action, by which he appropriates it to his sole use, is a reduction of it to possession such as bars her right thereto. *Howard* v. *Bryant*, 9 Gray, 239.   *Alexander* v. *Crittenden*, 4 Allen, 342.   *Commonwealth* v. *Manley*, 12 Pick. 173.

The husband being himself the executor of the will under which the wife was entitled to the legacy, the most simple and efficient method of reducing it to possession was by taking it and mingling it with his other property.   This he did, and retained it in his own possession with the consent of the wife. He did not invest it in any separate and distinct security for her benefit, and it was neither agreed nor understood that it should be so invested.

Even if the notes were given " as a convenient method of showing the value of her share of the residuary bequest," they were not mere memoranda made by an executor intended only to indicate what he held as such, but promises to the wife to pay her the amount of the legacy he had received, and to which, as her husband, he was entitled in the exercise of his marital rights.   Had an action been seasonably brought against the sureties on the official bond of Calvin Bridgman as executor, on behalf of the wife, for non-payment of this legacy, it could hardly be seriously contended that it could have been maintained, or that the act done by the husband could have been treated as anything less than a payment by him such as would exonerate the sureties.

Nor is this note to be deemed a declaration of a trust in favor of the plaintiff, and the case thus brought within that class of cases where the husband has been held to be a trustee for the wife. No sum of money possessed by the wife as her separate property had ever been confided or entrusted to him by her.

We cannot distinguish the case at bar from that of *Turner* v. *Nye*, 7 Allen, 176. There, as here, the case arose prior to the recent legislation as to the property of married women; and it was held that, where a husband, by consent of his wife, received money, the avails of her real estate, executed a note to her for the amount thereof, with a memorandum thereon showing the source from which the money came and that it was used to build his dwelling-house, delivered the note to her with a declaration that it belonged to her, and afterwards paid her money from time to time as interest, his estate after his death was not liable in equity for the payment of the note.

*Bill dismissed.*