## FLEITAS *v.* RICHARDSON, (No. 2.)

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 148. Argued April 14, 1892. — Decided March 6, 1893.

The liability of a husband to his wife for her paraphernal property, secured by legal mortgage of his estate, under the law of Louisiana, is extinguished by his discharge in bankruptcy; her mortgage, therefore, cannot attach to land acquired by him after the discharge; and a subsequent mortgagee from the husband may set up the discharge in bankruptcy against the wife.

THIS was a bill in equity, filed December 30, 1887, by Mary Corinne Warren Fleitas, authorized by her husband Francis B. Fleitas, both citizens of Louisiana, against Gilbert M. Richardson, a citizen of New York, Albert R. Shattuck and Francis B. Hoffman, citizens of Massachusetts, and partners under the name of Shattuck & Hoffman, and others, in the district court of the parish of Orleans and State of Louisiana, to remove a cloud on her title to lands in the parish of St. Bernard in that district, which she claimed under a judgment and sale on execution upon a legal mortgage from her husband, and to restrain the above named defendants from seizing and selling the lands under a conventional mortgage from him.

The case was duly removed by said defendants into the Circuit Court of the United States, upon the grounds that there was a separable controversy between them and the

plaintiff, and that the suit involved a question under the bankrupt law of the United States as to the effect of the husband's discharge in bankruptcy upon the plaintiff's claim and mortgage.

In that court, a supplemental bill, answers (setting up, among other defences, the husband's discharge in bankruptcy,) and replications were filed, and on May 31, 1889, the case was heard upon pleadings and proofs, by which the material facts appeared to be as follows :

The plaintiff was married to Francis B. Fleitas on February 6, 1868. Before the marriage, and on the same day, they and her parents signed a marriage contract before a notary public, and in the presence of two witnesses, which provided that there should be a community of acquets and gains between the husband and wife, in accordance with the provisions of the Civil Code of Louisiana; and by which her parents declared that, in consideration of her intended marriage, they thereby made to her a donation of $20,000 in money; and Fleitas acknowledged that he had received that sum, and declared that "he has taken charge of said amount for account of his said future wife, and for which he holds himself and remains liable to her according to law;" and "by mutual consent it is hereby agreed that all the property of the future wife, now owned by her, or which may be hereafter acquired by her with funds unto her belonging, shall be and remain her paraphernal property." This contract was duly recorded on September 27, 1870, in the parish of St. Bernard.

Francis B. Fleitas, on April 25, 1877, obtained a discharge in bankruptcy in the District Court of the United States for the Eastern District of Louisiana, under proceedings commenced April 26, 1876; and afterwards, and before 1884, purchased the lands in question; and on January 28, 1884, mortgaged them by notarial act duly recorded, to secure debts of his to Richardson, and to Shattuck and Hoffman.

On September 3, 1887, the plaintiff filed a petition in the district court of the parish of St. Bernard against her husband, for separation of property, and for a recognition of her mortgage on all his lands in that parish, alleging that he was

largely in debt, and that there was danger that his estate would not be sufficient to satisfy her rights and claims; on the same day, he filed an answer, denying all her allegations, except the marriage and the marriage contract; and on September 10, 1887, she recovered judgment against him, dissolving the community of acquets and gains, decreeing a separation of property between them, and ordering that the sum of $20,000, held by him as her paraphernal property, be returned to her, and be recognized as secured by legal mortgage on all his lands in that parish, to take rank and effect from September 27, 1870. Execution was issued on this judgment, under which the sheriff levied on the lands in question, and on November 19, 1886, sold and conveyed them to the plaintiff.

On June 29, 1888, Richardson instituted executory proceedings upon the mortgage of January 28, 1884, for the seizure and sale of the lands, as set forth in the next preceding case, (*ante*, 538,) the record of which was made part of the record in this case.

In the present case, the Circuit Court dismissed the bill and the supplemental bill, upon the ground that the husband's discharge in bankruptcy barred the plaintiff's claim, and defeated any mortgage or lien in her favor. 39 Fed. Rep. 129. The plaintiff appealed to this court.

*Mr. J. R. Beckwith* for appellant.

*Mr. Thomas J. Semmes* for appellees.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

The law of Louisiana, as to the rights of married women, which must have a controlling influence on the decision of this case, differs widely from the common law, and a statement of some of its principal rules cannot well be avoided.

By the law of Louisiana, persons contracting marriage may, by ante-nuptial contract before a notary public and in the presence of two witnesses, make such agreements as they

please (not affecting the legal order of descents,) concerning the title and enjoyment of their property, and of donations made to them by third persons in consideration of the marriage. Civil Code, Arts 2325 (2305), 2328 (2308), 2329 (2309), 2331 (2311). And the partnership or community of acquets and gains exists between them by operation of law, unless otherwise stipulated in the contract. Arts. 2332 (2312), 2399 (2369).

The separate property of the wife is that which she " brings into the marriage, or acquires during the marriage by inheritance, or by donation made to her particularly," and " is divided into dotal and extra-dotal. Dotal property is that which the wife brings to the husband to assist him in bearing the expenses of the marriage establishment. Extra-dotal property, otherwise called paraphernal property, is that which forms no part of the dowry." Arts. 2334 (2314), 2335 (2315).

" The wife has a legal mortgage on the property of her husband," for the restitution or reinvestment of the dotal property or dowry, and " for the restitution and reinvestment of her paraphernal property." Art. 3319 (3287). The marriage contract, out of which this mortgage arises, is required to be recorded in the parish where the husband's property is. Art. 3349; Louisiana Rev. Stat. § 2381. Such a mortgage is not required, like ordinary mortgages, to be reinscribed every ten years. Civil Code, art. 3369 (3333). It attaches to any lands acquired by the husband during coverture, and while his liability to the wife continues to exist. *Johnson* v. *Pilster*, 4 Rob. (La.) 71, 76.

As a general rule, contracts of sale between husband and wife are prohibited; but one of the exceptions to this rule is that he may transfer property to her in settlement of claims arising out of her separate property. Civil Code, art. 2446 (2421).

The wife has no estate of dower in the lands of her husband, nor any right corresponding or equivalent to dower at common law. The decision in *Porter* v. *Lazear*, 109 U. S. 84, therefore, has no application to this case.

The liability of the husband to the wife, for her separate

property received by him under the marriage contract, is in the nature of a debt secured by mortgage of his lands, and may be enforced by her by direct suit against him.

Although the wife cannot maintain an action, in relation either to her dotal or to her paraphernal property, against a third person, unless authorized by her husband, or, if he fails to do it, by a judge, yet she may, with the authorization of the court in which she brings the action, sue her husband "for the separation of property, or for the restitution and enjoyment of her paraphernal property." Code of Practice, arts. 105–108. The object of the provision requiring the wife to obtain the authorization of the court is to protect the husband against vexatious and unadvised family suits, and the want of such authorization is waived if the husband accepts service without taking the objection. *Le Blanc* v. *Debroca*, 6 La. Ann. 360; *Spivey* v. *Wilson*, 31 La. Ann. 653.

The wife may, at any time during the marriage, sue the husband for a separation of property, " when the disorder of his affairs induces her to believe that his estate may not be sufficient to meet her rights and claims." Civil Code, art. 2425 (2399). Consequently, a transfer of property, or a confession of judgment, by an insolvent husband to his wife, in settlement of her claims, is good against his creditors. *Lehman* v. *Levy*, 30 La. Ann. 745, 750; *Levi* v. *Morgan*, 33 La. Ann. 532; *Thompson* v. *Freeman*, 34 La. Ann. 992.

Beside the power which the wife has to sue her husband for a separation of property when the disorder of his affairs endangers her rights, she has the absolute right, at any time, and at her own discretion, without regard to the condition of the husband's affairs, to resume the sole possession and administration of her paraphernal property, and to maintain a suit against him for that purpose. Civil Code, arts. 2384 (2361), 2385 (2362), 2387 (2364), 2391 (2368); *Brooks* v. *Wiggington*, 14 La. Ann. 687; *Joly* v. *Weber*, 35 La. Ann. 806, 809, and cases cited; *Burns* v. *Thompson*, 39 La. Ann. 377.

When there is a community of acquets and gains, the fruits and income of the wife's paraphernal property administered by the husband belong to the conjugal partnership or com-

munity. Civil Code, arts. 2386 (2363), 2402 (2371). The husband may appropriate such fruits and income to his own use. *Wimbish* v. *Gray*, 10 Rob. (La.) 46; *Miltenberger* v. *Keys*, 25 La. Ann. 287. He is not liable to her for neglecting to collect them. *Wallace* v. *McCullough*, 20 La. Ann. 301. Nor is he liable for interest on the debt to his wife, except after she has obtained judgment against him. *Burns* v. *Thompson*, 39 La. Ann. 377.

The debt of the husband to the wife is so like an ordinary debt, that it may be seized and sold on execution against her. *Hawes* v. *Bryan*, 10 Louisiana, 136. And in proceedings in insolvency *in invitum* against the husband, under a statute of the State, she may prove and vote upon her paraphernal claim, even if she has not renounced the community of acquets and gains. *Planters' Bank* v. *Lanusse*, 10 Martin, 690, and 12 Martin, 157.

Where, after a wife had recovered a judgment of separation of property, and an execution thereon had been partly satisfied, the husband went into bankruptcy and obtained a discharge, the Supreme Court of Louisiana held that her debt was barred, and could not be enforced against property subsequently acquired by him; and said that it must "regard the balance of the debt due by the husband to his wife as extinguished by the discharge in bankruptcy, and that consequently she had no longer a right to issue an execution; that any property acquired by him afterwards was free from any claim on her part; and that, in truth, the community had ceased to exist." *Alling* v. *Egan*, 11 Rob. (La.) 244, 245.

Such being the nature of the liability of the husband to the wife for her paraphernal property, under the law of Louisiana, it was clearly provable by her against him as a debt under the bankrupt act of the United States. Rev. Stat. § 5067; *In re Bigelow*, 3 Benedict, 198; *In re Blandin*, 1 Lowell, 543; *In re Jones*, 6 Bissell, 68, 78.

It is equally clear that it has none of the elements of a trust, certainly not of such a technical trust as to make it a fiduciary debt, within the meaning of that act; and that, consequently, it was barred by his discharge in bankruptcy. Rev. Stat.

§§ 5117, 5119; *Hennequin* v. *Clews*, 111 U. S. 676; *Upshur* v. *Briscoe*, 138 U. S. 365.

The remaining question is whether the appellees can avail themselves of that discharge. The dates bearing upon this question are as follows : The marriage contract, out of which the plaintiff's mortgage arose, was made in 1868, and recorded in 1870. The husband's discharge in bankruptcy was obtained in 1877 from all debts due at the commencement of proceedings in 1876, including his liability to his wife. She had, as yet, no mortgage on these lands, because they were not his property. After this, he purchased the lands, and, in 1884, mortgaged them to the appellees. In 1887, the wife sued the husband and obtained a judgment for a separation of property, declaring a mortgage in her favor as of the date of the recording of the marriage contract; and upon that judgment took out execution, under which the sheriff levied upon the lands and sold them to her.

Under these circumstances, by the law of Louisiana, the debt of the husband to the wife was extinguished by his discharge in bankruptcy; and thereupon her mortgage, which was but a security for that debt, disappeared with it, and could not attach to these lands, upon his subsequently purchasing them; and the appellees, claiming as his creditors, under the mortgage from him to them, were entitled to set up his discharge in bankruptcy against any lien claimed by her upon the lands. Civil Code, arts. 3278 (3245), 3285 (3252), 3466 (3429); *Alling* v. *Egan*, 11 Rob. (La.) 244; *Upshur* v. *Briscoe*, 37 La. Ann. 138, 153, and 138 U. S. 365, 379; *Larthet* v. *Hogan*, 1 La. Ann. 330; *New Orleans Co.* v. *Recorder of Mortgages*, 27 La. Ann. 291; *Klotz* v. *Macready*, 44 La. Ann. 166.

Neither the omission of the husband to plead his discharge in bankruptcy in his wife's suit against him, nor the judgment recovered by her in that suit, can affect the title of the appellees (who were not parties to that suit) under the previous mortgage to them. *Decree affirmed.*

MR. JUSTICE SHIRAS, not having been a member of the court when this case was argued, took no part in its decision.