### In re TALBOT.

#### (District Court, D. Massachusetts. October 15, 1901.)

#### No. 4,661.

BANKRUPTCY—PROVABLE DEBT—CLAIM OF WIFE FOR MONEY LENT.

The provability of a wife's claim against the estate of her husband in bankruptcy for money lent him from her separate estate depends upon its enforceability, either at law or in equity, in the courts of the state. In Massachusetts, where such contracts are held contrary to public policy and not enforceable either in law or equity, such a claim cannot be proved as a debt in bankruptcy.

In Bankruptcy. On review of decision of referee.

William D. Whitmore, Jr., for creditor.
Alfred W. Putnam, trustee, pro se.

LOWELL, District Judge. In this case a wife seeks to prove against the estate of her bankrupt husband for money advanced to him from her separate estate as a loan. In Re Blandin, 1 Low. 543, Fed. Cas. No. 1,527, Judge Lowell held that a claim like this could be proved. In re Blandin has been cited with approval by the supreme court of the United States in Fleitas v. Richardson, 147 U. S. 550, 555, 13 Sup. Ct. 495, 37 L. Ed. 276, and by several inferior federal courts. Under ordinary circumstances, I should follow it without question. The decision was rested upon the ground that although the claim was not provable in a Massachusetts court of insolvency, because in that court only legal debts could be proved, yet it was provable in bankruptcy, because "equitable debts are within the scope of the bankrupt act." Judge Lowell assumed that the wife's claim here in question was enforceable in a Massachusetts court of equity. "And it is generally true that a contract void at law is void in equity. To this general rule there are well-known exceptions, one of which is a contract between husband and wife concerning her separate property, which courts of equity will uphold and enforce. In this way a wife may become the creditor of her husband. I do not understand that it has ever been decided in this

commonwealth that these doctrines do not fully apply in equity to separate property held under the statute." 1 Low. 544, Fed. Cas. No. 1,527. But in Woodward v. Spurr, 141 Mass. 283, 6 N. E. 521, it was decided, even after equitable debts had by statute been admitted to proof in insolvency, that the claim of a wife could not be proved in insolvency, because:

"It has been held in this commonwealth, by a series of decisions, that where money is lent by a wife to her husband, or conversely, there is no remedy, either at law or in equity, against him or against his estate. These decisions do not rest upon the ground of the marital incapacity to sue, but upon the ground that by the policy of the law the attempted contract of borrowing and lending between husband and wife is void, by reason of their incapacity to deal with each other. To make a contract which is clearly invalid at common law the foundation of an equitable liability is to disregard well-established principles. When contracts are themselves not authorized, validity cannot be imparted to them by affording a remedy for the breach of them through the medium of a court of equity." 141 Mass. 286, 287, 6 N. E. 524.

And in Bank v. Tyndale, 176 Mass. 547, 550, 57 N. E. 1022, 1023, 51 L. R. A. 447, 450, it was said:

"But a party cannot be relieved in equity, we think, by reason of an estoppel, any more than at law, from the effect of a positive rule of law. It is the rule of law that controls the conduct of parties, not the conduct of parties the rule of law. To hold otherwise would be to permit parties to set aside at their pleasure, with the aid of a court of equity, the rule of the common law which has been declared and recognized by the legislature and by this court, that contracts between husband and wife are void."

It follows, therefore, that the premises upon which Judge Lowell based his decision in Re Blandin are no longer sound. He supposed that a Massachusetts court of equity would enforce a liability like that here sought to be proved. Since his decision, the courts of Massachusetts have decided that the liability cannot be enforced in equity any more than at law, because enforcement is contrary to the public policy of the commonwealth. In Fleitas v. Richardson, 147 U. S. 550, 13 Sup. Ct. 495, 37 L. Ed. 276, the court, while citing with approval In re Blandin, yet recognized that the provability in bankruptcy of a claim must depend upon the validity of the claim in the state where it arose. "The law of Louisiana as to the rights of married women, which must have a controlling influence on the decision of this case, differs widely from the common law." 147 U. S. 552, 13 Sup. Ct. 496, 37 L. Ed. 278. "Such being the nature of the liability of the husband to the wife for her paraphernal property under the law of Louisiana, it was clearly provable by her against him as a debt under the bankrupt act of the United States." 147 U. S. 555, 13 Sup. Ct. 497, 37 L. Ed. 279. From these cases it appears that the provability of the wife's claim must depend upon its enforceability, either at law or in equity, in the courts of the state. A claim like that here in question cannot be enforced in Massachusetts by either legal or equitable proceedings, and so it cannot be proved in this court of bankruptcy. After Woodward v. Spurr was decided, Judge Lowell appears to have reached this conclusion, for in his work on Bankruptcy, dealing with the provability of the claims of a wife against a husband, he says, "In Massachusetts, notwithstanding the

recent statutes, a debt between husband and wife, being void at law, creates no equitable liability." Lowell, Bankr. p. 140.

The judgment of the referee, following In re Blandin, is reversed, and the claim of the wife is denied proof.