## Ex parte HARRISON.

(District Court, D. Massachusetts. April 17, 1921.)

No. 1975.

1. **Bankruptcy ⊕⇒421 (1)—Judgment for personal injury provable "debt."**

A judgment on a claim for negligent personal injury is a "debt" from which a discharge in bankruptcy would be a release, within Bankruptcy Act, § 9 (Comp. St. § 9593), exempting a bankrupt from civil arrest on a dischargeable debt.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

2. **Bankruptcy ⊕⇒392—Exemption from "arrest" includes release from imprisonment.**

The word "arrest," as used in Bankruptcy Act, § 9 (Comp. St. § 9593), exempting a bankrupt from arrest on civil process, except in certain cases, includes "imprisonment."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Arrest.]

3. **Bankruptcy ⊕⇒392—Exemption of bankrupt from civil arrest is effective from adjudication.**

Bankruptcy Act, § 9 (Comp. St. § 9593), exempting a bankrupt from arrest on civil process on a dischargeable debt becomes effective at once on adjudication and entitles the bankrupt to discharge from imprisonment under a previous arrest on such a debt.

Habeas Corpus. Petition by James Harrison to secure discharge from custody as a poor debtor. Writ granted.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Harry G. Blazo, of Boston, Mass., for petitioner.
The United States Attorney, for the United States.

MORTON, District Judge. Habeas corpus to secure the discharge of the petitioner, who is in prison on poor debtor proceedings in the state court. The facts 'are as follows:

Harrison was sued in the state court for damages caused by his negligent operation of an automobile, and a judgment was there recovered against him on that claim. Execution issued, and poor debtor proceedings followed, the result of which was the order of arrest under which Harrison is now held. It was made and he was committed on March 30th. On April 2d he filed a voluntary petition in bankruptcy, and adjudication immediately followed. Thereafter he applied to be released from imprisonment, and, his demand being refused, brings the present petition. The ground of jurisdiction is that he is deprived of rights conferred by a federal statute.

[1, 2] By section 9 of the Bankruptcy Act (Comp. St. § 9593) "a bankrupt shall be exempt from arrest upon civil process except in the following cases." The excepted cases are contempt proceedings and arrest for debt from which discharge in bankruptcy would not be a release. Harrison became a bankrupt on April 2d; the word "arrest" in the section covers imprisonment; and the only question is whether the debt or claim on which he is held is one from which a discharge in bankruptcy would be a release. There has been some difference of judicial opinion as to whether a judgment upon a claim for negligent injury constitutes a "debt," which can be proved and is discharged by bankruptcy proceedings; but the weight of authority now appears to be that the judgment can be proved and is discharged. In re Putnam (D. C.) 193 Fed. 464; Ex parte Margiasso (D. C.) 38 Am. Bankr. Rep. 524, 242 Fed. 990; In re Madigan (D. C.) 41 Am. Bankr. Rep. 771, 254 Fed. 221. In Schall v. Camors, 251 U. S. 239, 40 Sup. Ct. 135. 64 L. Ed. 247, there was no judgment.

[3] The respondent contends that the protection from arrest conferred by section 9 does not become effective so long as the bankrupt retains title to his property; i. e., not before the appointment and qualification of a trustee. But the section in question puts no such limitation on the exemption from arrest, and I am unable to agree with the contention. See Collier on Bankruptcy (12th Ed.) p. 279.

Writ to issue.