## In re LYNCH.

(District Court, W. D. Louisiana. December 31, 1924.)

No. 1997.

Bankruptcy ⏝143(1)—Husband and wife ⏝ 257—Income of wife, collected and used by husband, held community property, and to pass to his trustee.

Where a husband collected the interest and dividends on securities owned by his wife, and used the same personally and in his business, under the law of Louisiana it became community property when collected, and such part of it as was in possession of the husband at the time of his bankruptcy passed to his trustee.

In Bankruptcy. In the matter of Virgil M. Lynch, bankrupt. On review of order of referee denying the intervening petition of Lena Cole Lynch. Affirmed.

John M. Munholland and Hudson, Potts, Bernstein & Sholars, all of Monroe, La., for trustee.

Randle & Shotwell and Percy Sandel, all of Monroe, La., for intervener.

DAWKINS, District Judge. V. M. Lynch was adjudicated an involuntary bankrupt, and at the time of filing the petition his assets were seized by the marshal. Among the property so seized was a bank box in the Ouachita National Bank at Monroe, La., domicile of the bankrupt, and thereafter his wife, Mrs. Lena Cole Lynch, intervened and claimed ownership of its contents. The matter was referred to the referee as special master, and all controversy thereover has been settled, except as to the ownership of $4,010 in currency found in the bank box.

Mrs. Lynch claims it as her separate property, and that it represents the revenues from certain stocks and bonds found therein (which stocks and bonds it is conceded are her paraphernal property), and that it should be awarded to her as such. On the other hand, the trustee contends that, because these revenues were collected, and the property was used and administered by the husband, bankrupt, they fell into the community, and became part of the funds available for payment of creditors, under the Louisiana law.

The special master having sustained the contention of the trustee, both as to the facts and law, the intervener has asked the court to review that ruling, and to hold that the funds are her separate property.

Without finding it necessary to review the evidence in detail, it is sufficient to say that a careful consideration of the record convinces me of the correctness of the master's finding. The custody and control of the stocks and bonds, collecting of the interest coupons and dividends, were intrusted entirely to the husband, and he used them personally and in his business, although it is claimed that from time to time he put certain funds in the bank box to take the place of those which he had used. However, the securities were acquired some five or six years before the husband's failure, and the bank box which was seized in this case was rented on July 6, 1922, about five months before the filing of the petition in bankruptcy.

It is true there is some testimony to the effect that prior to that time part of the revenues were kept in a bank box of the husband at another bank; but, taking the testimony of the intervener and her husband, who were substantially the only witnesses on the point, as true, I think it practically admitted that he had dominion and control of the funds arising from the sources mentioned, and used them for the benefit of the community. The parties were mar-

ried in Mississippi, but for many years have maintained their matrimonial domicile in the city of Monroe, La., and especially during the period when these revenues were earned and collected, and must therefore be governed by the law of Louisiana. Gale v. Davis' Heirs, 4 Mart. (O. S.) 645. Hence they fell into and became part of the community of acquêts and gains, and as such belong to the trustee in bankruptcy. R. C. C. 2386; Fleitas v. Richardson et al., 147 U. S. 554, 555, 13 S. Ct. 495, 37 L. Ed. 278.

For the reason assigned, the recommendation of the special master is confirmed and made the judgment of this court.