## UNITED STATES ex rel. GREENFIELD v. SHERIFF OF KINGS COUNTY, STATE OF NEW YORK.

### No. 2971.

District Court, E. D. New York.

June 3, 1933.

Henry Pearlman, of New York City, for relator.

Leon Sanders, of New York City, for creditor.

Thomas E. Morrissey, Jr., of Brooklyn, N. Y., for sheriff.

MOSCOWITZ, District Judge.

This is an application based upon a writ of habeas corpus for the release of Leo Greenfield, the relator, from the County Jail of the County of Kings.

On October 19, 1932, Charlotte Werner, a creditor of the relator, recovered a judgment against him in the New York Supreme Court, Kings County, in the sum of $14,389.30.

During February, 1933, an execution against the person of the said relator was issued out of said state court, and on March, 15, 1933, the relator was apprehended and imprisoned in the County Jail of the County of Kings, where he was confined at the time the writ was returnable.

On April 20, 1933, the relator was adjudicated a bankrupt in this court upon his voluntary petition. The relator filed schedules in which he listed Charlotte Werner as a creditor.

The relator has applied for his release from jail claiming that the judgment recovered is dischargeable in bankruptcy. If the judgment is dischargeable in bankruptcy, the bankrupt is entitled to be released from imprisonment even though the arrest occurred prior to the filing of the petition. If the debt is dischargeable in bankruptcy, the relator is entitled to be released and need not await the appointment of a trustee. Ex parte Harrison (D. C.) 272 F. 543.

The court is not bound by the pleadings in the state court action, but is under a duty to examine the entire record and all of the facts behind the judgment.

Section 17a of the Bankruptcy Act (11 USCA § 35) provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (first) * * * (second) are liabilities for obtaining property by false pretenses or false representations."

Under this section if the bankrupt obtained property by false pretenses or false representations, the judgment upon which it is based is not dischargeable in bankruptcy. Zimmern v. Blount (C. C. A.) 238 F. 740.

In the state court action Charlotte Werner claimed that the relator procured $10,000 from her by fraud and deceit. This was the issue submitted to the jury. The jury found that the relator obtained $10,000 from the plaintiff in that action upon certain false and fraudulent representations made by him to her. This court is bound by the judgment based upon that verdict; the judgment is therefore not dischargeable in bankruptcy.

Writ dismissed. Relator remanded. Settle order on notice.