**MONROE MILK STATION, Inc., v. SUR–WA STORES et al.**

No. 5227.

Court of Appeal of Louisiana. Second Circuit.

April 30, 1936.

J. Norman Coon, of Monroe, for appellant.

Fink & Fink, of Monroe, for appellees.

TALIAFERRO, Judge.

Plaintiff brings this suit against Sur-Wa Stores, a commercial partnership, and its component members, B. B. Martin and Herman Cook, on open account for sales of milk, butter, and other dairy products during the months of April, May, and June, 1935. The account as to items, dates, and charges is admitted by defendants to be correct, except the absence therefrom of one credit of $43.50, the price of 150 pounds of butter. On trial, plaintiff conceded that this credit was due. However, defendants deny that they now owe, or are obligated to pay, any part of the account. They aver that they are absolved from liability on the account and are relieved from its payment for the following reasons:

That in the month of January, 1935, a reciprocal credit sales arrangement between them and plaintiff, represented by its authorized agent and sales manager, J. E. Cole, was entered into whereby defendant "agreed to buy certain milk from the said plaintiff, and to pay for same through groceries, merchandise and other produce handled by them, and that J. E. Cole, acting for and on behalf of plaintiff, sold to the Sur-Wa Stores certain milk and merchandise as inventoried in its petition, and that your respondent delivered to the said J. E. Cole, for and in behalf of plaintiff, certain merchandise during the months of January, February, March, April, May and June; and that at the end of each month the said J. E. Cole, acting for and in behalf of plaintiff, gave your respondent a receipt signed 'Monroe Milk Station, Inc., by J. E. Cole, for any indebtedness that might have been due and owing' to that time."

It is further averred that plaintiff and its officers and directors had full knowledge of said agreement, and "that said plaintiff made certain charges to J. E. Cole in the months of January, February and March, for certain groceries that he purchased in settlement of milk accounts."

Defendants prayed that the demands of plaintiff be rejected, and there was judgment accordingly. Plaintiff has appealed.

The above-quoted excerpt from defendants' answer does not accurately reflect the true nature or condition of the agreement referred to, and is not in keeping with the understanding of the agreement by counsel of both sides, as revealed from their attitude during trial of the case. Their present appreciation of the issues in the case is at variance with that part of the answer. Be this as it may.

The pleadings were enlarged by testimony admitted without objection. Mr. Martin, member of defendant firm, testified that he agreed with Cole to handle plaintiff's milk exclusively in reciprocation of Cole's agreement to purchase groceries for his personal needs from defendant, to an amount possibly greater than the monthly milk account would amount to; that an inducing cause of this trade arrangement was that defendant would not have to pay out any cash to plaintiff for its purchases, but would be credited by plaintiff each month with the amount of Cole's grocery account. On this point Cole testified: "The agreement was merely that my personal account would run as much or more than the milk would run, and we would settle on that basis." However, it appears that the agreement was modified to the extent that butter purchases should be paid for in cash at the time of purchase. Plaintiff also bought sugar in large volumes from defendant, and the account therefor was kept separate from the Cole account.

Trade relations between the parties appear to have begun in February. At the end of that month, Cole reported to plaintiff's president, Mr. E. R. Norton, that he was due defendant personally an amount for groceries and requested that the amount be charged to him and credited on defendant's account. This was done, and the balance due Cole on salary account was paid him. This was repeated for the month of March. At the end of each of the three ensuing months plaintiff gave Cole a statement showing the amount due it by defendant. He was authorized and expected to collect them. All that he did in regard to them was to execute to defendant receipts in the name of plaintiff showing payment thereof in full. These are the receipts which defendant relies on to defeat the suit. So far as the record discloses, Code did not report

back to his principal that he had issued these receipts, nor does it show whether or not his account was debited with the amounts thereof. No witness was interrogated on the point.

It is plaintiff's contention that Cole, as its agent and sales manager, had no inherent or delegated power to settle his own account with defendant by giving it receipts for the amounts due by it to plaintiff, and that any agreement between Cole and defendant, carrying with it such a condition, was unknown to, and was never approved or ratified by it, and therefore neither the agreement nor Cole's action thereunder is binding upon it. Defendant's position is that Cole did have the authority necessary to make and execute said agreement and, alternatively, "was clothed with such apparent authority that plaintiff is now estopped to deny such authority."

■ As regards Cole's authority as sales manager, Mr. Norton testified that he was authorized to sell its products and collect therefor in cash or check. Beyond this, he had no authority to bind his principal. It is certain any one in his position would not have the right to extinguish an account due his principal by giving in exchange therefor an account due by him personally to his principal's debtor, without express authority. This is elemental. Hicky v. Sharp, 4 La. 335; Nolan v. Rogers, 4 Mart.(N.S.) 145; Miltenberger & Co. v. Keys, 25 La.Ann. 287; 2 Corpus Juris, 631.

Therefore the receipts held by defendant are not binding on plaintiff unless, through its officers, plaintiff became aware of the terms and conditions of the agreement with Cole and approved or ratified same.

■ Defendant's dealings with plaintiff were transacted exclusively through Cole. We are convinced Cole did not make known to plaintiff's officers the nature of his agreement with defendant. He does not testify that he did so, and Mr. Norton positively denies that he knew of or authorized same. He states that the reason the February and March business was closed out in the manner above related was due to Cole's request and as an accommodation to all concerned. It was a simple matter of book entries—debit to Cole and credit to defendant—through which plaintiff stood to lose nothing. We do not think Norton's action as regards the February and March transactions could be construed into a ratification on his or his company's part of the agreement between Cole and defendant. In order to constitute a valid ratification of an unauthorized contract, the person ratifying it must have had at the time actual knowledge of the terms and material facts of such contract. 2 Corpus Juris, p. 480, § 97; Credit Alliance Corp. v. Centenary College, 17 La.App. 368, 136 So. 130; Blythe v. Hall et al., 169 La. 1120, 126 So. 679; Noble v. Plouf et al., 154 La. 429, 97 So. 599.

One circumstance cropped out during the trial which suggests that plaintiff may have acquiesced in the status of its business relations with defendant as Cole attempted to fix it by the issuance of the receipts to defendant, and that arose from the fact, briefly touched on during trial, that, after plaintiff disposed of its entire business on or about June 30, 1935, Martin, Norton, Cole et al. had a conference concerning their business relations, and it was determined therein that plaintiff owed defendant an amount for sugar, which was paid only after suit was filed to recover same. An attempt was made to develop the entire facts of this conference, but, on objection, was ruled out by the court. No complaint is here made as to the correctness of this ruling.

■ Defendant carried the burden of establishing by clear and convincing evidence that the unauthorized action of plaintiff's agent, Cole, had been ratified and approved by it, in order to escape liability for payment of the account admitted to be correct. This burden has not been discharged by it.

Both sides have cited and quoted from numerous authorities relied upon to support their contentions herein. No good purpose would be served by prolonging this opinion unduly by analyzation of the court's ruling in each case and differentiating many of them in facts and principles from the present one. Questions of fact are here involved. Each case of the kind, in the main, must depend upon its own facts.

We are of the opinion that the judgment appealed from is erroneous and, for the reasons herein assigned, it is now ordered, adjudged, and decreed that plaintiff, Monroe Milk Station, Incorporated, have and recover judgment against defendants, Sur-Wa Stores and B. B. Martin and Her-

man Cook, in solido, for $138.73, with legal interest thereon from judicial demand herein until paid, and for all costs.