1829.

Thompson
v
Graham.

---

*THOMPSON, EXECUTOR, &C. *v.* GRAHAM AND OTHERS. [*384]

This court has jurisdiction to set aside and cancel deeds and other instruments fraudulently obtained, and which are attempted to be set up inequitably.

Where one of the executors renounces the execution of the will, the other executors may file a bill in their own name, and if it is necessary to bring the executor who refused to accept the trust, before the court, he may be made a party defendant.

THIS cause was submitted on bill and demurrer. The Feb. 3d. facts are sufficiently stated in the opinion of the court.

THE CHANCELLOR :—It is well settled that this court has authority to set aside an order to be delivered up and cancelled, deeds or other instruments fraudulently obtained, and which are attempted to be set up inequitably. The defendants in this case procured, without consideration, a release from an executor who had renounced the execution of the will, and who is now insolvent; under an express agreement that it should not be used against the other executor, who had proved the will, unless such executor should assent to such release. The object of the defendants was to commit a fraud upon other creditors, by including them to compromise, on the supposition that the holders of this debt had assented thereto. And they now attempt to use it for the purpose of defeating the claims of the acting executor, who knew nothing of the circumstances; and who as it now appears, the defendants also intended to defraud. This is a case where this court has concurrent jurisdiction with a court of law. And the objection raised by the demurrer, on the ground of want of jurisdiction, cannot be sustained.

Neither is the objection, that Spencer should have been made a party complainant instead of a defendant, well taken. He is insolvent and refuses to execute the trust of an executor, and the complainant had no right to commence a suit in his name without his consent. The only remedy in such a case, if he is a necessary party, is to make [*385] him a defendant. *His refusal to prove the will and act as executor is substantially a refusal to join as complainant in the suit.

The demurrer in this cause must therefore be overruled with costs.