RINEHART'S EXECUTORS *vs.* WILLIAM RINEHART and others.

In suits brought by executors, the rule in equity is, that only the executors who have proved the will must be parties. An executor who has renounced need not be joined as co-plaintiff.

---

This was a bill filed by Samuel Rinehart and Peter Rinehart, executors of Adam Rinehart, deceased. It was set forth, in the bill, that by the will of Adam Rinehart, deceased, the complainants and one Jacob Hipp were appointed the executors. The complainants proved the will, and took upon themselves the administration of the estate. Before filing the bill, Hipp, the other executor, filed with the surrogate a renunciation in writing, refusing to administer the estate or to take upon himself any part of the burthen thereof.

To this bill the defendants demurred, on the ground that Jacob Hipp should have been joined as a complainant in the bill.

*Van Syckel,* in support of the demurrer, cited *Hill's Executors* v. *Smalley,* 1 *Dutcher* 374; *Hensloe's case,* 9 *Coke* 37; 1 *Chitty's Pleading* 13; *Cabell* v. *Vaughn,* 1 *Saund.* 291, *g ;* 3 *T. Raymond* 558; *Toller on Executors* 68–9; *Judson* v. *Gibbons,* 5 *Wend.* 224; *Wankford* v. *Wankford,* 1 *Salkeld* 307; *Thompson* v. *Graham,* 1 *Paige* 384; *Offler* v. *Jenner,* 3 *Cha. Rep.* 92; *Ferguson* v. *Ferguson,* 1 *Hayes & J.* 300.

*Vleit*, contra, cited 1 *Williams on Executors* 241, 242, 4*th Am. ed.; Nix. Dig.* 276, § 17; *Potts' Precedents* 56, 57; *Hughes' Eq. Draftsman* 143, *Precedent* 46; *Ibid.* 251 to 253, *Precedent* 80; *Davies* v. *Williams*, 1 *Simons* 5; *Cramer* v. *Morton*, 2 *Molloy* 108; *Thompson* v. *Graham*, 1 *Paige* 384.

THE CHANCELLOR. The demurrer in this case raises the simple question, whether a person appointed an executor, but who has renounced the executorship, is a necessary party to a suit in equity.

At law the rule is, that all the executors named in the will must be joined as plaintiffs. *Hensloe's case*, 9 *Coke* 37; *Hunt* v. *Kearney, Penn.* 721; *Executor of Hill* v. *Smalley*, 1 *Dutcher* 374.

The rule in equity is, that all the executors who prove the will must be parties—none others need be so. *Davies* v. *Williams*, 1 *Sim.* 5; *Kelby* v. *Stanton*, 2 *Younge & Jer.* 77; *Cramer* v. *Morton*, 2 *Molloy* 108; 2 *Will. on Ex'rs* 1626; *Thompson* v. *Graham*, 1 *Paige* 384; 1 *Daniell's Ch. Prac.* 273; *Marsh's Ex'rs* v. *Oliver's Ex'rs*, 1 *McCarter* 262.

In *Cramer* v. *Morton*, the Chancellor said, " I am clear than an executor armed with probate, without an executor named in the will, but not joined in the probate, is competent to sue. If he was not, this inconvenience would follow, he cannot compel the other either to prove, or to renounce, or to join as co-plaintiff. But if he will do none of these things, he must be made a defendant. But this is an inconvenience without benefit or good sense."

So at law one executor cannot sue another, but in equity he may. *Tothill* 74; *Wyatt's Prac. Reg.* 209; 2 *Will. on Ex'rs* 1625.

The reasons assigned for the rule at law are, that the executors constitute but one person; that each executor derives his interest from the will itself; that the probate is merely operative as the authenticated evidence, and not as the foundation of the executor's title; and that the renun-

ciation is a renunciation of probate merely, and not a renunciation or waiver of title. 1 *Will. on Ex'rs* 239.

It has often been said that the reasons for the rule at law are not satisfactory. The rule itself leads to no valuable .end. It is inconvenient in practice, and operates to embarrass and delay suitors. It is at best a technical rule, of which the common law courts rid themselves whenever it is necessary to the ends of justice. Thus, notwithstanding the rule, that one executor cannot sue another, it was held, in *Rawlinson* v. *Shaw*, 3 *T. R.* 557, that an executor who has renounced may sue the acting executor. So if the executor who has renounced refuses to join in an action, he may be proceeded against by summons and severance, after which the acting executor will be permitted to prosecute the suit alone. *Bodle* v. *Hulse*, 5 *Wend.* 313.

But why should this formality be resorted to after the executor has by a solemn instrument under his hand and seal renounced the executorship?

In the elaborate opinion in *Hensloe's case*, 9 *Coke* 38 *a*, which is the foundation of all the subsequent authorities, it is said, that " when the spiritual court have proved the testament their authority is executed, and they have not power to take the refusal of any, when any of the executors prove the will. And therefore the refusal of any of the executors before the Ordinary in such case is void." And again, to the objection that one who hath waived the executorship should not afterwards take the same upon him, it is answered, " forasmuch as the ecclesiastical judge hath not power to receive that refusal or disagreement, it is upon the .matter done to a stranger, and by consequence void and of no force to bar the plaintiff to take upon him the same afterwards."

Whatever weight this argument may be entitled to under the English statute, it cannot, I think, be doubted that under our statute, and by the well settled practice of this state, the surrogate may receive the renunciation by an executor, and that it is not void. When a party named as executor has

thus renounced, why should it not be regarded as a final determination of his interest, or at least as conclusive upon the question until the ecclesiastical court has treated the renunciation as inoperative by granting probate to the party renouncing? A person appointed trustee will never be compelled to accept a trust against his will. *Hill on Trustees* 214, 225. A party named as executor cannot be compelled to accept the executorship, or bear the burthen of the trust, except by his own voluntary act. And it is difficult to conceive any good reason why he should be made a party to a suit touching a trust which he has formally renounced, and to which he disclaims all right or title, or why he should be brought into court merely for the purpose of being turned out again.

But aside from these considerations, which are adverted to merely in vindication of the course of practice in equity, it is enough to say that equity looks to the probate of the will as competent evidence of the power and authority of the executors to sue and be sued. It requires that the probate should be stated in the bill, and that those, and those only, who have proved the will should be parties to the suit. I speak, of course, only of the regular and ordinary practice of the court. An executor who has renounced may, by intermeddling with the estate or by other circumstances, be rendered a necessary party. Where such interest appears, he may be made a party at any stage in the progress of the suit.

The demurrer is overruled.