LEVERETT CROOKS v. EMELINE A. T. WHITFORD.

*Equitable jurisdiction to compel release of pretended title.*

Predecessors in a pretended title need not be made parties to a bill to compel the present holder to release it, where all had notice of the adverse equity.

The claimant of a pretended title which he had no right to retain or assert against another party, is regarded in equity as holding in trust for the other party, and as bound to release it to him on just terms.

It is for a court of law rather than of equity to decide whether the valid legal title to lands concurs with one chain of conveyances or another.

Appeal from Kalamazoo. Submitted April 10. Decided April 22.

BILL to set aside deeds and compel release of title. Defendant appeals.

*Brown, Howard & Roos* for complainant.

*Breese & Stearns* for defendant. A bill to set aside deeds must bring in all the parties to them. *Gaylords v. Kelshaw*, 1 Wal., 81.

GRAVES, J. The defendant appeals from a decree requiring her to release to complainant whatever right, title or interest, and no other, which she received through a deed to her from Pelick Stevens and wife, in and to the south half of the southwest quarter of section five in town two south of range ten west in Kalamazoo county.

The land was patented to one John W. Keene, September 10, 1838, and subsequently one Frederick Booker obtained several tax-titles to the lot, and then conveyed to one Seth Wheelock, who died testate, and holding under these tax-titles, in 1868. The defendant is one of his heirs-at-law, and her husband, Porter H. Whitford,

and her mother, Christina Wheelock, were made executor and executrix of the testator. In 1869 Keene, the patentee, brought ejectment for the lot against the executor and executrix, and in March, 1872, final judgment in the circuit court passed against the plaintiff. September 6, 1872, Keene and wife conveyed to Aaron Benedict, and the deed was recorded October 18th.

In January, 1874, Benedict conveyed to complainant, but this deed was not recorded, and in June following was destroyed. Between the time of that conveyance and the time when the instrument was destroyed, namely May 27, 1874, Benedict deeded to one John H. Blaney, and then in the month following and on the very occasion when complainant's deed was destroyed, he made another to complainant in place of it. It will not escape notice that when he deeded to Blaney the first deed to complainant was merely unrecorded. It had not then been destroyed.

The deed from Benedict to Blaney was placed on record the day of its execution, and on the same day the latter deeded to Pelick Stevens, and this was recorded the next day, May 28th.

April 7th, 1875, Stevens deeded to defendant, and the deed was recorded the same day. The second deed from Benedict to complainant was not recorded until August 1, 1876.

The position that the bill should be dismissed because Benedict and Stevens are not parties is not tenable. The substance of the case really alleged is that complainant being the holder of an unrecorded title, his grantor fraudulently deeded to another who placed such deed on record; that defendant claims under that deed as purchaser of whatever right and benefit it secured; and that neither the grantee named therein, nor his grantee, nor the defendant who received conveyance from the latter, purchased in good faith within the meaning of the statute (Comp. L., § 4231), and moreover that all had

notice that controversy existed between complainant as claimant of the title derived from the United States, and the estate of Wheelock as possessor of the tax-titles, and that Blaney and Stevens knew and defendant had notice that the deed from Benedict to Blaney was fraudulent.

For the purpose of the relief given by the decree no other parties are necessary, and the relief is quite compatible with the case stated. The important question is whether the evidence sustains the decree, and the conclusion reached after full examination, is that it does.

The equity is not that of specific performance, and that doctrine has no application. The essence of the right asserted is that defendant has obtained and holds a claim of paper title which she has no right to assert or retain against complainant, and that she must be considered as holding in trust for him and under an equitable duty to release to him on just terms. The principle is clear. *Adams v. Bradley*, 12 Mich., 346; *Jones v. Smith*, 22 Mich., 360.

The validity of the one title or the other in point of law is not regularly in question here, and is not strictly inquirable into except in a court of law. Whether the valid legal title now concurs with the succession of grants made under the patent or with the deeds on tax-sales is not a subject within the inherent jurisdiction of the court of chancery, and the determination of it ought not to be taken from a court of law in the absence of strong reasons. The effect of the decree must be to remove an obstacle in the way of a proper determination upon the legal title,—a kind of aid not obtainable elsewhere.

There are many things in the record we do not stop to mention. They have been inspected, however, and are not considered of sufficient moment to be specifically noticed.

The decree should be affirmed with costs.

The other Justices concurred.