OLIVE E. CHAPIN *vs.* EDWARD D. CHAPIN.

Suffolk.   March 13. — Sept. 7, 1883.   DEVENS & W. ALLEN, JJ., absent.

An action may be maintained by a woman upon a promissory note given to her by her former husband, after she has obtained a divorce from him, in pursuance of a written agreement made before the divorce and conditioned upon the divorce being decreed, and which was called to the attention of the court granting the divorce, by the terms of which agreement, which were carried out by each party, she was to convey her land to him and give a release of all her rights of dower and homestead, and he was to give her a sum of money and the note in suit, which were to be accepted instead of alimony.

CONTRACT on a promissory note, dated October 7, 1876, for the sum of $5000, payable, without interest, five years after date, to the order of the plaintiff, and signed by the defendant.   Writ dated October 13, 1881.   The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, in substance as follows :

The plaintiff and the defendant were lawfully married to each other, at Portsmouth in the State of New Hampshire, on November 8, 1860, and thereafter lived together as husband and wife at Boston, and at other places in this Commonwealth, until February 5, 1876.

On May 8, 1876, the plaintiff filed in the clerk's office of the Supreme Judicial Court for the county of Suffolk a libel for divorce against the defendant.   Due service thereof was made upon him, and on September 27, 1876, a decree for a divorce from the bonds of matrimony, for the cause of extreme cruelty, was granted by said court to the plaintiff.   The libel contained a prayer for alimony, but, it having been called to the attention of the justice before whom the cause was heard that the agreement hereinafter mentioned had been made by the parties, the court took no action in relation thereto.

While said libel was pending, and before the entry of said decree, the following agreement, with a heading of the title of the case, was made and executed between the plaintiff and the defendant :

" If a divorce should be decreed in the above entitled cause, it is agreed that, instead of alimony, said Edward D. Chapin shall pay to said Olive Emma Chapin twenty thousand dollars in

money, or in what she may accept in lieu of money, and shall also give her his promissory note for five thousand dollars, payable, without interest, in a reasonable time, or with no time of payment named; and if he should fail to make such payment and to give such promissory note, it is agreed that the amount of alimony to be granted by the court may be twenty-five thousand dollars.

"It is further agreed that said Olive Emma Chapin may retain the custody of their daughter, Grace Emma, and that said Edward D. Chapin shall furnish such support for said daughter as shall be determined by John S. Abbott and Nathan Morse; and if said Abbott and Morse should not agree in regard to the amount to be furnished, they are to select a third referee, and the decision of a majority is to be binding and final.

" On the above payments being made and note given, said Olive Emma Chapin agrees to convey, by suitable deed, to said Edward D. Chapin all her right, title and interest in and to the house and lands where she now lives in Brookline, and to execute a proper release of all right to dower and homestead in all real estate of said Edward D. Chapin."

Soon after the entry of said decree, namely, on October 7, 1876, the plaintiff and the defendant met at the office of John S. Abbott, Esq., who had been the attorney of record of the plaintiff during the divorce proceedings, and the terms of the agreement were discussed by them; and the defendant thereupon agreed to carry out the terms of the agreement, with the exception of so much thereof as related to furnishing support for his daughter Grace, if the plaintiff would perform what she had therein agreed to do. To this the plaintiff assented, and the defendant thereupon gave her in money, or in what she accepted in lieu thereof, the sum of $20,000, and also the note declared on. And the plaintiff thereupon, and as a part of the same transaction, executed and delivered to the defendant a deed of her real estate, and a release of all her rights of dower and homestead, as specified in said agreement.

Subsequently, at September term 1878 of the Supreme Judicial Court, at the hearing before Mr. Justice Ames, upon a petition brought in said court by the plaintiff against the defendant for the custody of their two minor sons, the fact that said .

agreement had been made and performed as above set forth was admitted by the defendant and his attorney of record in said proceedings.    And at April term 1879 of said court, at the hearing before Mr. Justice Colt, upon a petition for leave to marry again, brought in said court by the defendant, the same admission was made.

The real estate of the plaintiff so conveyed as aforesaid was taxed at $40,000, which, for the purpose of this action, is admitted to be its true value; and the same was subject to a mortgage of $28,000.    The property conveyed had all been bought and paid for by the defendant, and no part thereof had been paid for by the plaintiff.

If, upon the foregoing facts, the plaintiff was entitled to maintain her action, judgment was to be entered in her favor for the amount of said note, with interest from its maturity; otherwise, for the defendant.

*H. J. Boardman & S. H. Tyng*, for the plaintiff.

*W. E. L. Dillaway*, for the defendant.

HOLMES, J.    The question in this case is whether the plaintiff can maintain an action upon a promissory note executed to her by the defendant.    If we look only to the immediate transaction, of which giving the note was a part, there can be no doubt of the plaintiff's right.    The plaintiff, having obtained a divorce from the defendant, conveyed her land to him, and gave a release of all her rights of dower and homestead, the defendant at the same time giving her twenty thousand dollars and this note, — on the face of it a lawful exchange.    But this exchange took place in pursuance of a scheme, substantially set forth in a written agreement made before the divorce, and conditioned upon the divorce being decreed, by which the above-mentioned money and note were to be accepted instead of alimony. And it is objected that this agreement shows a transaction contrary to the policy of the law, both as tending toward collusion in obtaining the divorce, and as attempting to withdraw the question of alimony from the direction of the court.

The agreement was void, of course, if for no other reason, because it was made between husband and wife.    Its only importance is as supplying the terms of a new contract, made after the divorce was granted, referring to it and adopting most of its

provisions. The latter contract could not tend to promote collusion, and we think that it was not infected with the supposed vice of the original agreement. The original agreement was called to the attention of the court granting the divorce, and, if that was not enough to purge the scheme of the objection we are considering, the new contract was made after further discussion, seemingly with legal advice, when the parties must have understood that they were free to do as they chose, and with sufficient modification of the former terms to show that it was a fresh start. It is not necessary to go further to decide this part of the case.

With regard to the other, the agreement does show, no doubt, that a part of the consideration for the note and money was the plaintiff's accepting them instead of alimony. It was only a part, however, for another very substantial portion was her conveyance and release. We need not consider, therefore, what the effect of her agreement would be upon an application for alimony, nor what the effect of such an application would be upon her right to retain the money. For even if such an agreement, made by a person *sui juris*, acting with legal advice, and dealing with her own pecuniary interests, is for any reason void, it is not illegal in such a sense as to invalidate the whole transaction, (*Bliss* v. *Negus*, 8 Mass. 46, 51,) but the note would be supported by the conveyance and release, notwithstanding the parties had affected to add, as part of the consideration, an agreement which, if void, they are both presumed to have known to be so. The only point reserved is whether the action can be maintained. If it can be, the amount to be recovered is agreed upon. *Judgment affirmed.*