### Delcena M. Whitney *vs.* Emily Closson & others.

Franklin.   Sept. 17. — Nov. 5, 1884.   C. Allen & Colburn, JJ., absent.

A husband and wife, in expectation of a separation between them, executed, without the intervention of a trustee, a written agreement, which recited that the husband, in consideration of the wife's agreements, released all claims upon her property; and that the wife, in consideration of the husband's agreements, and of a sum of money paid by him, released all claims upon his property. On the day the agreement was executed, the husband gave to a third person his five promissory notes, the aggregate amount of which equalled the sum named in the agreement, and which were intended to be for that sum, and were secured by a mortgage of real estate executed by the husband to such third person, in which the wife joined in release of her dower and homestead. Two of the notes were paid during the lifetime of the husband, but no part of the money came to the wife. The husband died intestate, and without issue. *Held*, that the wife was entitled, under the Pub. Sts. c. 124, § 3, to have real estate of her husband not exceeding $5000 in value assigned to her, out of the land included in the mortgage.

APPEAL from a decree of the Probate Court dismissing a petition filed April 2, 1883, under the Pub. Sts. *c*. 124, §§ 3, 17, by the widow of Lyman H. Whitney, deceased intestate and without issue, to have certain real estate of the deceased, to an amount not exceeding $5000 in value, assigned to her in' fee. Hearing before *C. Allen*, J., who reserved the case for the consideration of the full court, in substance as follows :

It was admitted that the petitioner was entitled to maintain the petition, unless she was barred by reason of the following facts :

On November 30, 1880, Lyman H. Whitney and the petitioner, in expectation of a separation between them, executed the following agreement :

"Know all men by these presents, that we, Lyman H. Whitney of the first part, and Delcena M. Whitney of the second part, both of Sunderland in the county of Franklin and Commonwealth of Massachusetts, witnesseth, that the party of the first part hereby agrees and binds himself to release and convey, and doth hereby release and convey, all and singular to the party of the second part, and quitclaim unto said party of the second part, all his right and title to and interest in the property now held, and also of any property she may in future acquire, to her and her other heirs, binding himself by these presents never to ask for, or try in any manner to obtain from her, or her executors, or administrators or assigns, any interest or share in her said property now held or to be acquired by her.

" This in consideration of certain arrangements or agreements made by and between us, the said parties of the first and second parts.

" And I, the party of the second part, in consideration of the sum of one thousand dollars paid me by the party of the first part, the receipt whereof I do hereby acknowledge, do hereby remise, release, and quitclaim unto the said party of the first part all my right and title to and interest in the real estate and personal property owned and held by the party of the first part, and also to all he may in the future acquire and become possessed of. And I hereby further agree and bind myself to sign all deeds made by him in the sale of his real estate, when requested by him so to do ; to thus release to the purchaser or

purchasers of his real estate, or to mortgagees thereof, my rights of dower and homestead in said real estate.

"In other words, I, Delcena M. Whitney, the party of the second part hereto, in consideration of the above-named sum of one thousand dollars paid me by the party of the first part, and also in consideration of certain agreements and arrangements made between us, the parties hereto, agree, and bind myself and my heirs, executors, and administrators, never to ask for or try to obtain in any way or manner any part of the property, real or personal, which the said party of the first part now is in possession of or may hereafter acquire.

"Witness our hands and seals, this thirtieth day of November, in the year one thousand eight hundred and eighty."

On the same day, Lyman H. Whitney executed a mortgage deed, in which the petitioner joined in release of her right of dower and homestead, to Henry S. Sheldon, of certain parcels of land, being the same mentioned in the petition in this case. The condition expressed in the mortgage was the payment of five promissory notes for $200 each, with interest, the first note coming due on January 1, 1882, and the others yearly thereafter. The mortgage and notes were intended to be for the sum of one thousand dollars, mentioned in said agreement.

On the day the agreement and the mortgage were executed, the petitioner and her husband separated, and never lived together afterwards. Two of the notes were paid to Sheldon by Lyman H. Whitney in his lifetime, but no part of the money came to the petitioner.

On such of the foregoing facts as it would be competent to prove, such order was to be made as justice might require.

*D. Hill*, for the petitioner.

*S. O. Lamb*, for the respondents, cited *Bullard* v. *Briggs*, 7 Pick. 533; *Peirce* v. *Thompson*, 17 Pick. 391; *Phelps* v. *Phelps*, 20 Pick. 556; *Hollenbeck* v. *Pixley*, 3 Gray, 521; *Fox* v. *Davis*, 113 Mass. 255; *Snow* v. *Paine*, 114 Mass. 520; *Barron* v. *Barron*, 24 Vt. 375.

MORTON, C. J.  By the common law, husband and wife cannot contract with each other.  This disability is not removed by our statutes, which, while enlarging the capacity and rights of married women in important respects, expressly provide that they

shall not authorize contracts or suits between husband and wife. St. 1874, c. 184.   Pub. Sts. c. 147, §§ 2, 7.

The contract upon which the respondents rely is a contract directly between the husband and wife, without the intervention of a trustee, and is partly executory in character.   Neither of the parties could, during their lives, enforce the contract against the other, not merely because of the disability to sue, but for the reason that the contract itself is contrary to law and is void.

It appeared at the hearing, that the husband, on the same day the agreement was signed, gave to one Sheldon his five promissory notes of $200 each, and, to secure them, executed a mortgage of real estate to said Sheldon; and that the said notes were intended to be for the sum of $1000 mentioned in the agreement.   Two of the notes were paid during his lifetime, but no part of the money has come to the petitioner.

But this does not make Sheldon a party to the contract, or remove the difficulty that the contract between the husband and wife was void.   The giving the notes and mortgage was the mode adopted of paying the sum named in the contract, and has no more effect than if the money had been paid to the wife, or to Sheldon for her use.   The petitioner undertook to agree with her husband that she would release all claims upon his estate, not merely in consideration of $1000, but also in consideration of his covenants and stipulations that he would release all claims upon her property, which covenants and stipulations are void and of no effect.

We are of opinion that, upon the facts of this case, the petitioner is not barred of her right to the real estate of her husband to an amount not exceeding $5000 in value.

*Decree of Probate Court reversed.*