MERCHANTS' NATIONAL BANK & another *vs.* FRANCIS B. GREENE & others.

Bristol.    October 23, 1889. — December 31, 1889.

Present : DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Insolvent Debtor — Mortgage — Trustee — Collateral Security — Equity.*

A corporation gave a mortgage of its property to a trustee to secure the payment of bonds issued by it for the payment of its indebtedness, which mortgage contained a power for the sale of such property by public auction upon breach of condition. The holder of promissory notes of the corporation, and of certain of the bonds as collateral security therefor, after the corporation had been duly adjudged insolvent and assignees had been appointed, brought a bill in equity

to compel a sale under the mortgage, and the payment of a due proportion of the proceeds to him.  *Held,* that the bill could be maintained, and that a sale should be ordered in accordance with the terms of the power.

BILL IN EQUITY, brought by the holders of promissory notes and bonds of the Thayer and Judd Paraffine Corporation, an insolvent debtor, against the trustee under a mortgage from the corporation to secure such bonds, and against its assignees in insolvency and certain other creditors, to compel a sale of the mortgaged property, and the payment of a due proportion of the proceeds to the plaintiffs.

The case was heard by *Devens,* J., who reported it for the consideration of the full court, in substance as follows.

On December 18, 1885, the corporation voted to issue negotiable coupon bonds for the purpose of providing for its present indebtedness, and for the future prosecution of its business, the payment of the bonds to be secured by a mortgage on its real estate and on certain machinery.  The corporation, on January 1, 1886, duly executed a mortgage of such real estate and machinery to the first named defendant, as trustee, to secure the bonds and to indemnify him and his successors " in whatever they may in good faith do for the insurance, care, and protection of the property mortgaged, and for their own services and expenses in the trust, and also to insure all the undertakings herein of the mortgagor."  The mortgage contained a power of sale, authorizing the trustee upon breach of condition " to sell and dispose of all and singular the mortgaged property, and all equity of redemption of the mortgagor therein, at public auction," after due notice thereof.  The plaintiffs severally are the holders of promissory notes given to them by the corporation for various amounts stated, which were due and unpaid, and, as collateral security therefor, of certain of the bonds issued by the corporation and secured by the mortgage.  Afterwards, the corporation was adjudged to be insolvent, on June 17, 1887, and assignees of its estate were duly appointed, and accepted the trust.

The trustee subsequently refused to foreclose the mortgage under the power of sale, on the ground that a proper and complete settling of the title required a foreclosure and sale by order of this court.  The assignees contended that this court had

no jurisdiction in the first instance, as the plaintiffs had not first applied for relief to the Court of Insolvency, which could afford them an ample remedy; and that there was no reason why the trustee should not foreclose the mortgage in the usual way under the power.

The judge made a decree, " that the trustee, Francis B. Greene, sell and convey the mortgaged property for cash, at public or private sale, or by using both methods, as he may deem best, and in such parcel or parcels as he may deem best, and report his doings to this court."

*T. M. Stetson,* for the plaintiffs.

*H. K. Braley,* for the assignees.

*C. W. Clifford,* for certain other creditors.

KNOWLTON, J.   The Thayer and Judd Paraffine Corporation, an insolvent debtor, is indebted to each of the plaintiffs on promissory notes to the respective amounts stated in the bill, for the payment of which its bonds, secured by a mortgage on its real and personal estate, are held as collateral security. The bonds, apart from their relation to the mortgage, are mere promises to pay, and are no better than the notes which they were given to secure. But they carry with them an equitable interest in the mortgaged property, to be made available through the intervention of the trustee who holds the mortgage, and their value as security depends upon that property.

The principal question in the case is whether the plaintiffs are, respectively, creditors having " a mortgage or pledge of real or personal estate of the debtor, or a lien thereon," within the meaning of the Pub. Sts. c. 157, § 28.   That statute contemplates a title in the creditor such that the property can be sold by order of the Court of Insolvency if he requires it, and the whole transferred by him and the assignee.   It also provides that he may release and deliver up to the assignee the premises held as security if he chooses, which necessarily implies a right to control the property subject to a right of redemption in the assignee.

In the present case, the plaintiffs have no such right. Their title in the property is only equitable, and they can do nothing with it except as they may be able to move the mortgagee.   He is a trustee representing the interests of others besides the

plaintiffs, and the Court of Insolvency has no jurisdiction over him. We are of opinion that this is not a case to which the section referred to applies, and that therefore the rights of the parties must be enforced through the broader jurisdiction of this court sitting in equity. *Barnard* v. *Eaton*, 2 Cush. 294, 301. *Dickinson* v. *Metacomet Bank*, 130 Mass. 132, 135. *Wilson* v. *Bryant*, 134 Mass. 291, 295. *Bristol County Bank* v. *Woodward*, 137 Mass. 412, 415. *Franklin County Bank* v. *Greenfield Bank*, 138 Mass. 515, 517. Pub. Sts. c. 157, § 15.

It is questionable whether the court can properly order a sale otherwise than in accordance with the terms of the power contained in the mortgage, and the decree may be modified so as to make it conform to the mortgage in that particular.

*Decree accordingly.*