EDWARD ATKINS, trustee, *vs.* MARTHA M. ATKINS.

Suffolk. December 4, 1906. — April 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Mortgage,* Of real estate. *Estoppel. Deed,* Delivery. *Husband and Wife. Contract,* Validity. *Equity Jurisdiction,* To enforce contract between husband and wife, To compel reconveyance of land. *Equity Pleading and Practice,* Parties.

A person who, after a foreclosure sale of real estate under a power of sale in a mortgage, in compliance with the directory provision of R. L. c. 187, § 15, as amended by St. 1906, c. 219, § 2, has made and caused to be recorded an affidavit stating his acts, which the statute provides shall be admitted as evidence that the power of sale was duly executed, is not estopped by the statements contained in the affidavit from showing the true condition of the title to the real estate which was the subject of the sale.

Where the acts of the grantee named in a deed of land show an acceptance of the conveyance and the purpose of the grantor to treat the deed as delivered also is shown, a manual delivery of the instrument is not necessary to pass the title to the land.

If a trustee, who holds a mortgage of land as part of the trust fund, forecloses the mortgage under a power of sale therein and has the land purchased by a third person for the benefit of his wife, and the third person, having no beneficial interest, conveys the land to the wife, the husband as trustee cannot enforce in equity against his wife her promise to pay for the land, as such an executory

contract between husband and wife is void, no question being raised as to the statute of frauds or as to the good faith of the trustee toward his *cestuis que trust* and toward the mortgagor.

If a husband, who has foreclosed under a power of sale a mortgage of land held by him as trustee, causes the land to be sold and conveyed to his wife on her promise to pay the purchase money, the whole transaction being in good faith and fair to all parties, and afterwards the wife repudiates her contract to pay for the land, which cannot be enforced against her because it is void as made between husband and wife, the husband as trustee may maintain a bill in equity against his wife to compel her to reconvey the land to him as trustee upon being reimbursed for all payments made by her on account of the purchase money and for taxes on the land.

A plaintiff seeking in equity a decree ordering the reconveyance to him of land, which the defendant has retained after repudiating a promise to pay for it which cannot be enforced, must do equity by restoring the defendant as nearly as may be to the position in which he stood before the transaction, and as a condition of a decree for a reconveyance the plaintiff must reimburse the defendant for any payments made by him on account of the purchase money and for taxes on the land.

In a suit in equity by a trustee against his wife to compel her to reconvey to him as trustee land which, under a power of sale in a mortgage held by him as trustee, he sold and caused to be conveyed to a third person for the benefit of his wife, to whom the third person, having no beneficial interest, conveyed it, the wife afterwards having repudiated her promise to her husband to pay for the land which could not be enforced against her, if the debt of the mortgagor has been satisfied in full and the time for redemption has expired, and the mortgagor is not a party to the suit, there is no reason for setting aside the foreclosure proceedings.

In a suit in equity by a trustee against his wife to compel her to reconvey to him as trustee land which, under a power of sale in a mortgage held by him as trustee, he sold and caused to be conveyed to a third person for the benefit of his wife, to whom the third person conveyed it, the wife afterwards having repudiated her promise to her husband to pay for the land which could not be enforced against her, if the third person through whom the title passed never was connected with or became bound by the contract or acquired any independent title to the land, such person is not a necessary party to the suit, or, if he has died intestate, neither the administrator of his estate nor his heirs at law are necessary parties.

BILL IN EQUITY, filed in the Superior Court on November 15, 1904, by Edward Atkins, trustee under the will of Amasa Harmon, late of Boston, for the benefit of Mary E. Harmon and others, against Martha M. Atkins, the wife of the plaintiff, to compel the defendant to pay to the plaintiff as such trustee the sum of $5,000, with interest from July 11, 1900, less the sum of $500, as the purchase price of a certain parcel of land in that part of Gloucester called Magnolia, which the plaintiff sold under a power of sale contained in a mortgage on the land held by him as such trustee and which he caused to be conveyed

to one Harriet A. Clark, a single woman since deceased, for the benefit of the defendant to whom said Clark thereupon conveyed it, the defendant having promised to pay to the plaintiff $5,000 as the price of the land, and having failed and refused to pay such purchase price except the sum of $500, with an alternative prayer that the defendant be ordered to reconvey the land to the plaintiff as trustee, and a prayer for further relief.

In the Superior Court the case was referred to R. D. Weston-Smith, Esquire, as master. He filed a report, to which both parties filed exceptions. The Superior Court made an interlocutory decree overruling the exceptions of both parties and · ordering that the master's report be confirmed. Later a final decree was entered overruling the exceptions and confirming the master's report, and ordering that the defendant pay to the plaintiff, upon the delivery to the defendant of the deed of the property described in the bill from Harriet A. Clark to the defendant, the sum of $5,951.50 together with taxable costs amounting to $52.98, and that execution issue therefor. The defendant appealed from the interlocutory and from the final decree.

The substance of the findings of the master and the questions raised by the material exceptions to his report are stated in the opinion.

The defendant's sixth exception to the master's report, which is sustained by this court, was as follows: 6. The defendant excepts to the finding of the master that she became bound in equity to pay the plaintiff her husband, as trustee under the will of Amasa Harmon, the whole of the purchase price amounting to $5,250, for the reason that the master should have found upon all the facts stated in his report that she was not bound to pay her husband, as such trustee, said sum; and further, that if she became bound to pay anything to her husband as trustee, she is not bound in any event to pay more than the sum of $3,500.

*B. E. Kemp*, for the defendant.

*H. F. Lyman*, for the plaintiff.

BRALEY, J. The plaintiff as trustee under the will of Amasa Harmon held a mortgage with a power of sale on the land de-

scribed in the bill, and the interest not having been paid, he not only took and held peaceable possession under R. L. c. 187, § 1, which had continued for more than three years before the bringing of this suit, but a foreclosure under the power followed. In pursuance of a previous arrangement that the defendant should buy the property through an intermediary, it was sold to one Harriet A. Clark for a sum sufficient to cover the debt with interest and the expenses of sale. She subsequently, in accordance with the agreement, conveyed to the defendant, and, the purchase price remaining unpaid, this bill is brought to compel the performance of the contract, or, if this is refused, then for alternative relief by a reconveyance. *Corder* v. *Morgan*, 18 Ves. 344. The mortgage contained a further provision, that the mortgagee might purchase, and while he was required to act in good faith for the protection of the mortgagor, and to see that his interests were not sacrificed, there is no finding by the master to whom the case was referred, either that the foreclosure was planned and the sale conducted for the purpose of enabling the wife of the trustee to buy without competition from other bidders, or that the price was inadequate.

Nor is the plaintiff estopped by the recitals in the affidavit of sale, as the defendant argues, from showing the true condition of the title. Under R. L. c. 187, § 15, as amended by St. 1906, c. 219, § 2, the office of the affidavit is to furnish evidence that the power of sale has been duly executed. This provision is only directory, and the title vests in the purchaser even without an affidavit being made or recorded. *Field* v. *Gooding*, 106 Mass. 310, 312. If, however, it is made and recorded, these recitals being in the nature of evidence only, are not conclusive, and may be controverted in suits concerning the validity of the foreclosure. *Silva* v. *Turner*, 166 Mass. 407, 412.

In these proceedings the plaintiff acted under the power as the attorney for the mortgagor, from whom instead of from him the defendant's title is derived, even though the transfer was made through an intermediary who took merely a dry title. *Raymond* v. *Commonwealth*, 192 Mass. 486. *Brown* v. *Brown*, 174 Mass. 197. The deed to the defendant, who must be regarded as the actual purchaser, has never been manually delivered to her, or recorded, and ordinarily until payment the

purchaser at a mortgagee's sale is not entitled to a conveyance. But the master finds that upon the face of the deeds the title has passed, and she is seised in fee. The evidence not having been reported, this finding being sustained by the facts which he states is conclusive, as " It is settled that manual delivery of the instrument is not required to work a transfer, for acts of the grantee showing acceptance, when coupled with a purpose of the grantor to treat the deed as delivered, are sufficient to pass the title." *Creeden* v. *Mahoney*, 193 Mass. 402.

The parties, however, are husband and wife, and all the arrangements for the sale and transfer of the property were made by him acting in the twofold capacity of trustee, and as her duly authorized agent. The provisions of R. L. c. 74, § 1, cl. 4, not having been pleaded, and it being conceded that no action could be maintained at common law by reason of the disability of coverture, this part of the case is narrowed to the simple inquiry whether in equity, where this defence is interposed, upon proof that the title passed, the plaintiff can compel payment of the purchase price. In *Nolin* v. *Pearson*, 191 Mass. 283, it was pointed out that by remedial legislation, although a married woman in this jurisdiction had been freed from nearly all of the legal conditions arising from the doctrine of the common law of the unity of husband and wife, contracts and suits between them still were prohibited. R. L. c. 153, §§ 2, 6. By our decisions it is settled that such contracts are absolutely void and unenforceable between the spouses, or by strangers into whose hands they may come by transfer. *Edgerly* v. *Whalan*, 106 Mass. 307. *Bassett* v. *Bassett*, 112 Mass. 99. *Whitney* v. *Closson*, 138 Mass. 49, 51, 52. *Bridgman* v. *Bridgman*, 138 Mass. 58. *Kneil* v. *Egleston*, 140 Mass. 202. *Bowker* v. *Bradford*, 140 Mass. 521, 523. *Silverman* v. *Silverman*, 140 Mass. 560, 562. *Chapin* v. *Chapin*, 135 Mass. 393. *Roby* v. *Phelon*, 118 Mass. 541. *Woodward* v. *Spurr*, 141 Mass. 283. *Bailey* v. *Herrick*, 141 Mass. 287, n. *National Granite Bank* v. *Whicher*, 173 Mass. 517. *National Granite Bank* v. *Tyndale*, 176 Mass. 547. *National Bank of the Republic* v. *Delano*, 185 Mass. 424. *Caldwell* v. *Nash*, 190 Mass. 507, 508.

This doctrine is not disputed by the plaintiff, but he relies upon an exception that in equity coverture does not prevent

suits between husband and wife relating to their rights in property conveyed or transferred by one to the other from being entertained and suitable relief decreed. *Ayer* v. *Ayer*, 16 Pick. 327. *Scott* v. *Rand*, 115 Mass. 104. *Lombard* v. *Morse*, 155 Mass. 136. *Frankel* v. *Frankel*, 173 Mass. 214. *Cogswell* v. *Hall*, 185 Mass. 455, 457. *Browne* v. *Bixby*, 190 Mass. 69. See *Pike* v. *Fitzgibbon*, 17 Ch. D. 454. But this branch of the plaintiff's case rests on the executory contract made between them, which is a mere nullity, and not on the basis of recovering property fraudulently obtained from one spouse by the other after marriage, which in equity should be returned or reconveyed, nor on loans made to the husband from the separate estate of the wife, which he promises to repay. R. L. c. 153, § 2. *Bassett* v. *Bassett, ubi supra.* *Erringdale* v. *Riggs*, 148 Ill. 403, 412. Story Eq. Jur. § 1372. *Atlantic National Bank* v. *Tavener*, 130 Mass. 407, 409. *Holmes* v. *Winchester*, 133 Mass. 140, 141. *Lombard* v. *Morse, ubi supra.* *Hunt* v. *Johnson*, 44 N. Y. 27.

The fact that the plaintiff was acting in a representative capacity creates no exception, for he was none the less the defendant's husband because he happened at the same time to be trustee for a stranger. *Tyler* v. *Sanborn*, 128 Ill. 136, 144. It is the assumption after marriage of relations dependent upon executory contracts which it is the policy of our law to prohibit, and if she failed to perform the oral contract of purchase, upon a suit to compel performance and recover the consideration, it is still a suit between husband and wife, and not between strangers. *Whitney* v. *Closson, ubi supra.* It was said without qualification in *Wilson* v. *Bryant*, 134 Mass. 291, 300, that neither in law nor in equity can a married woman enforce a note held by her against her husband, even if it was originally made payable to another person who transferred it to her. So in *Fowle* v. *Torrey*, 135 Mass. 87, where a married woman brought a bill in equity against a partnership of which her husband was a member, to recover upon a promissory note given by the firm to her for money lent, after consideration by the whole court, it was held by a majority that the suit could not be maintained even against the other members. These decisions have been followed, or approved, in recent cases. *Bristol County Savings Bank* v. *Woodward*, 137 Mass. 412, 417. *Franklin County Bank* v. *Greenfield*

*Bank,* 138 Mass. 515, 523. *Washburn* v. *Tisdale,* 143 Mass. 376, 378. *Merchants' National Bank* v. *Greene,* 150 Mass. 317, 320. *Beacon Trust Co.* v. *Robbins,* 173 Mass. 261, 272. *Hale* v. *Leatherbee,* 175 Mass. 547, 553, 554. *Porter* v. *Wakefield,* 146 Mass. 25, 27. *Clark* v. *Patterson,* 158 Mass. 388, 391. *Clark* v. *Royal Arcanum,* 176 Mass. 468, 471. The contractual rights of the husband if conceded to be equal, certainly are no greater, and this disability which attaches to her also attaches to him. See *Butler* v. *Butler,* 14 Q. B. D. 831, 834. The plaintiff's right of recovery on this ground cannot be distinguished in principle from these cases, for if he held the promissory note of his wife for the balance due, which he was seeking to enforce, they are decisive that such a suit cannot be maintained. If these restrictions of the common law as to freedom of contract and suits between themselves are to be removed as they have been in England by the Married Women's Property Act of 1882, St. 45 & 46 Vict. c. 75, as amended by the Married Women's Property Act of 1893, St. 56 & 57 Vict. c. 63, their removal must be accomplished by act of the Legislature. The defendant's sixth exception, which relates to her liability under the contract, must be sustained, and the remaining exceptions taken by her, either having been expressly waived or not argued, are overruled.

But if the action so far as it rests upon the contract is defeated, the master finds that the plaintiff is entitled to a reconveyance, and it is perfectly plain that, unless equitable relief in some form can be granted, the plaintiff is remediless. Upon this question the marital relation does not prevent the maintenance of the bill. *Lombard* v. *Morse, ubi supra.* The defendant, upon being relieved from performance, is still vested with title in the land, for which she must be held to have paid no consideration, and, while pleading her coverture in bar, makes no offer, if this defence is successful, to reconvey, although it may be said that to this part of the master's report she has not taken an exception. By taking this position she has in her possession and control property for which the plaintiff is accountable as trustee, and having gone forward under a contract, which has failed, he is not in the position of a mere volunteer, for originally the arrangement that she should acquire title by purchase is found to

have been made with her sanction. *Patterson* v. *Bloomer*, 35 Conn. 57, 64. Or, if original authority were wanting, the master has found ratification by subsequent conduct. Under these conditions it would be contrary to equity and good conscience that the defendant, who escapes contractual liability by her conjugal relationship, also should be permitted to retain the land. *Newby* v. *Cox*, 81 Ky. 58, 61. The sale was made, and the title conveyed under the assurance that she would pay the purchase price. Upon repudiation of the contract she ceased to be a purchaser for value, and having bought with notice, holds the land subject to the trust, and the plaintiff can maintain this bill for adequate relief. *Jones* v. *Dexter*, 130 Mass. 380, 383. *Otis* v. *Otis*, 167 Mass. 245. *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461. *Crooks* v. *Whitford*, 40 Mich. 599, 601. *Wetmore* v. *Porter*, 92 N. Y. 76. *Leigh* v. *Macaulay*, 1 Y. & C. 260, 265, 266. The amount for which he should be charged as trustee in the settlement of his accounts because of this transaction is not before us. See *Goodell* v. *Goodell*, 173 Mass. 140, 146 ; *Hayes* v. *Hall*, 188 Mass. 510, 511, 513.

Nor should the foreclosure proceedings be set aside, as the mortgagor whose debt was thereby satisfied is not a party, and the time for redemption has expired. *Hood* v. *Adams*, 124 Mass. 481, 483. R. L. c. 187, § 1. But, as between the parties, if the defendant, who has not parted with the title, conveys to the plaintiff in his representative capacity, he will hold the land as a part of the trust estate. *Yard* v. *Yard*, 12 C. E. Green, 114. *Thompson* v. *Graham*, 1 Paige, 384.

An objection which might be interposed, that neither the administrator nor the heirs of Clark have been joined, is obviated by the finding of the master, that she never was connected with or became bound by the contract, or acquired an independent title. Story Eq. Pl. (8th ed.) §§ 231, 231 a. *Jewett* v. *Tucker*, 139 Mass. 566. *Crooks* v. *Whitford*, 40 Mich. 599. *Thomas* v. *Kennedy*, 24 Iowa, 397, 403. *Mallow* v. *Hinde*, 12 Wheat. 193, 197, 198. He further finds that the plaintiff has received on account of the purchase price by payment from the defendant, and by the appropriation of funds in his possession belonging to her, an appreciable sum which upon a reconveyance should be repaid. To this finding the plaintiff excepts, because, having refused to be

bound by the contract, she should not be permitted to recover for money paid in part performance. This exception must be overruled. Invoking the aid of a court of equity he must do equity, and he cannot have both land and money. *McMurtrie* v. *Guiler*, 183 Mass. 451, 454. Where a conveyance of land is set aside on the ground of constructive fraud, the prevailing party must restore the other as nearly as may be to the position in which he stood before the transaction. *Thomas* v. *Beals*, 154 Mass. 51. *Harding* v. *Handy*, 11 Wheat. 103. *Neblett* v. *Macfarland*, 92 U. S. 101. And the granting of such relief can be made conditional upon the repayment of money advanced upon a consideration which has failed, with all other legitimate disbursements, which either have preserved or improved the property. *Thomas* v. *Beals, ubi supra. Harding* v. *Wheaton*, 2 Mason, 378. *Neblett* v. *Macfarland, ubi supra.* While not allowed by the master, the payment of the taxes by the defendant comes within this rule, and they are to be added to make the total amount for which she must be reimbursed as a condition precedent to the relief decreed. *Warnock* v. *Campbell*, 10 C. E. Green, 485.

The decree of the Superior Court must be reversed, and a decree with costs is to be entered, overruling the exceptions of both parties, except as to the sixth exception of the defendant, which is sustained, and ordering that upon tender of $967.47 within such time as may be fixed by that court, the defendant shall by a sufficient deed release and convey to the plaintiff as trustee her title in the premises. *Dey* v. *Dunham*, 1 Johns. Ch. 182, 195.

*Ordered accordingly.*