EVA L. GOLDER *vs.* LOUVILLE O. GOLDER.

Suffolk.    January 16, 1920. — March 5, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Marriage and Divorce. Husband and Wife. Conflict of Laws.*

Where, at the trial of an action in Massachusetts on a judgment awarded the
plaintiff by the Supreme Judicial Court of Maine in a libel for divorce, the laws
of Maine relating to actions between husband and wife are not in evidence,
the laws of Massachusetts govern.

In the absence of proof that the laws of Maine authorize actions between husband
and wife, a woman cannot maintain in this State, during the pendency of a libel
for divorce brought by her in Maine, an action against her husband upon a
judgment of a Maine court for arrearage of alimony ordered to be paid to her
*pendente lite.*

CONTRACT upon a judgment for $800 of the Supreme Judicial
Court for the State of Maine on an order issued by that court in an
action of libel for divorce.  Writ in the Municipal Court of the
City of Boston dated September 18, 1918.

The defendant filed a motion to dismiss the action on the ground
"that the plaintiff is and was at the time of the bringing of this
action the wife of the defendant."

At the trial in the Municipal Court the defendant requested the
judge to rule "that this action being brought by a wife against her
husband cannot be maintained for want of jurisdiction of the
court to entertain actions between husband and wife at common
law.  It being admitted in open court and by the pleadings and
evidence that the plaintiff and the defendant are still husband and
wife."  The judge denied the motion to dismiss, refused the ruling
requested, found for the plaintiff for the full amount claimed with
interest and at the request of the defendant reported the case
to the Appellate Division, who vacated the finding and ordered
judgment for the defendant.  The plaintiff appealed.

*R. D. H. Emerson,* for the plaintiff.

*M. E. S. Clemons,* for the defendant.

BRALEY, J.  The defendant, while conceding the validity of the
judgment on the interlocutory order awarding alimony to the

plaintiff in her libel for divorce which still is pending in the State of Maine, contends, that the present action brought in contract for the amount cannot be maintained.

If a final and absolute decree had been entered, the bonds of matrimony would have been dissolved, and the remedy at law would be complete. *Page* v. *Page,* 189 Mass. 85. *Wells* v. *Wells,* 209 Mass. 282, 288. *Taylor* v. *Stowe,* 218 Mass. 248. But in the absence of a final decree the parties are husband and wife. A right of action at common law originating in another State doubtless may be enforced here if jurisdiction of the defendant appears, and a right of action given by a statute of another State also is enforceable unless it is against the policy of our laws. *Howarth* v. *Lombard,* 175 Mass. 570, 572. *Converse* v. *Ayer,* 197 Mass. 443. *Walsh* v. *Boston & Maine Railroad,* 201 Mass. 527. The laws of Maine however relating to actions between husband and wife not appearing, the law of the forum governs. *Chicago Title & Trust Co.* v. *Smith,* 185 Mass. 363. *Callender, McAuslan & Troup Co.* v. *Flint,* 187 Mass. 104. *Sistare* v. *Sistare,* 218 U. S. 1, 26. And if by R. L. c. 153, § 6, as affected by St. 1910, c. 576, a married woman may sue and be sued as if she were sole, yet this provision "shall not authorize suits between husband and wife." It follows that the common law bars recovery. *Nolin* v. *Pearson,* 191 Mass. 283. *Atkins* v. *Atkins,* 195 Mass. 124, 128. The question whether she can proceed in equity is not before us. See *White* v. *White,* 233 Mass. 39.

The ruling of the trial judge that the plaintiff could recover was erroneous, and the order of the Appellate Division, that judgment should be entered for the defendant, must be affirmed.

*So ordered.*