Riley, J.
This is an action of contract brought by the plaintiff as trastee in bankruptcy of the estate of Antoni F. Gfazda. It was finally submitted to the Court on a declaration alleging that during the months of December 1942 and January 1943 he was trustee in bankruptcy for the estate of Antoni F. Gfazda, husband of the defendant; that as such trustee he was entitled to the rents of a six family house located a.t 32 Highland Avenue in Chicopee, Massachusetts, which was owned by the defendant’s husband and the defendant, as tenants by the entirety, and that during the said months the defendant collected the- rents amounting to the sum of $152.00 which should have been turned over to the- plaintiff.
*35 The defendant’s answer is a general denial and plea of payment. The trial judge found for the plaintiff and upon warrantable evidence made the following findings of fact:
“I find that Abraham Bamberg, the plaintiff in this action, qualified as Trustee in Bankruptcy of the estate of Antoni F. Gazda on December 11, 1942; that Antoni F. Gazda was adjudicated a bankrupt on November 16, 1942; that the defendant, Frances Gazda, otherwise known as Franciszka Gazda, was at the time of the adjudication and still is the wife of the bankrupt, Antoni F. Gazda: that at the time of the adjudication of the bankrupt, the bankrupt and the defendant were the owners as tenants by the entirety, of a property at 32 Highland Avenue, Chicopee, Mass.; that this property consisted of a three story dwelling containing six tenements of which the bankrupt and the defendant and their family at the time of the adjudication of the bankrupt occupied the tenement on the first floor left, and still occupy the same; that subsequent to the adjudication of the bankrupt that the defendant collected rents for the months of December 1942 and January 1943 from the tenants of said property to the amount of $150.00 (This amount was later amended to $152.00 on motion of the defendant.)
I further find that the petition in bankruptcy of the bankrupt was a voluntary petition and that the defendant, the wife of the bankrupt, at no time conveyed or released any interest in said property which was 'that of the bankrupt and herself as tenants by ¡the entirety previous .to the adjudication.”
The defendant claims to be aggrieved by the refusal of the Court to grant the following requests for Rulings:
“6. If the Court shall find that the defendant, the wife of the bankrupt, of whose estate toe plaintiff is trustee, collected rents to ■which the bankrupt would have been entitled were he not in bankruptcy, then the bankrupt could have maintained no action at law against toe defendant, because toe bankrupt and toe defendant, at that time were, and still are, husband and wife. General Law's, Chapter 209, Section 6, as *36 amended. 7. If the Court shall find that the defendant, the wife of the bankrupt, of whose estate the plaintiff is trustee, collected rents1 to which the plaintiff was- entitled as trustee in bankruptcy of the estate' of the bankrupt, ithen the plaintiff can ¡maintain no action at law against the defendant, because the bankrupt,1 of whose estate the plaintiff is trustee, and the defendant, are husband and wife. General Laws', Chapter 209, Section 6, as amended. Amended Bankruptcy Act of 1938, Chapter VII, Section 70 Clause a., subdivision 5. 10. There is evidence warranting a finding.for the defendant. ”
The only question raised by the Report is whether or not the defendant was entitled upon the evidence .and findings of fact to these Rulings. The Judge was. not obliged to give the sixth request for Ruling, even though it may have been a correct statement of abstract law. The Ruling was not based upon the evidence introduced in the case or on the facts found and therefore was not relevant to the issues being tried before the Court. In the case at bar the bankrupt was not seeking to maintain .an action against the defendant, who was his wife, and the fact that he could maintain no such action was immaterial to. the issues being tried. Wilson v. Birkenbush, 305 Mass. 173 at 175.
The defendant has very fully and earnestly argued .that the Judge was wrong in refusing his 7th request. It is not seriously contended that if bankruptcy had not intervened the husband would be entitled to the possession 'and1 control of the premises in question together with the use and profits thereof including the rents, Franz v. Franz, 308 Mass. 262 at 265 and cases cited. If the question of husband and wife was not present, it would seem that the case at bar would be governed by the decision in Elmore v. Simons, 183 Mass. 321.
The' defendant contends, however, that the plaintiff stands in the same position as the bankrupt husband of *37 the defendant and that, therefore, the suit cannot he maintained as it is in effect a suit by the husband against the wife in violation of G. L. Chapter 209, Section 6. However, the husband is not a party to the instant action even in a representative capacity and consequently the1 cases of Atkins v. Atkins, 195 Mass. 124; Golden v. Golden 235 Mass. 261, and Giles v. Giles, 279 Mass. 284 are not controlling. The plaintiff ’s cause of action is not based upon any contract between the husband and wife and he is not seeking to enforce any right which the husband could have enforced in an action of law if bankruptcy had not intervened. If is observed in Zwick v. Goldberg, 304 Mass. 66-70 that Gen. Laws (Ter. Ed.) Chapter 209, Section 6, does not in terms prohibit suits between husband and wife, but simply provides that such suits shall not be authorized and points out that suits in equity between husband and wife have been maintained to prevent fraud, enforce trusts, and establish other conflicting rights concerning property.
Section 70 C of the Bankruptcy Act provides: “ . . . and, as to all other property the trustee shall be deemed vested as of the date of the date of bankruptcy with all the rights, remedies and powers of a judgment creditor then holding an execution returned unsatisfied whether or not such a creditor actually exists. ’ ’
It has often been held that the rights of a trustee in bankruptcy to recover the property of the bankrupt are much more extensive than those of the bankrupt himself, one of the common instances being the right of the trustee to recover property conveyed by the bankrupt in fraud of creditors, which the bankrupt in his own right could not recover. Accordingly we feel that the Statute invoked by the defendant is no defense to this action and there was no error in the Court’s denying the defendant’s 7th request.
*38 While ordinarily the 10th request might have been, given, there was no error in denying it in the present ease, as the decision in favor of the plaintiff was based on findings that required the decision made by the Judge after consideration of the questions of fact. Rummel v. Peters, 314 Mass. 504 at 418.
As no prejudicial error appears in the denial of the defendant’s request for Rulings, the Report is ordered dismissed.