NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-819

KMF, LLC

vs.

CHARLES G. REITHER & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is a summary process action brought by the plaintiff, KMF, LLC, against the defendants, Charles G. and Joseph Reither, to recover possession of a home in Lynn. After a bench trial, a judge of the Housing Court found in favor of the plaintiff on its claim for possession. The defendants assign error to several rulings by the trial judge, which we address in turn. We affirm.

1. Termination of trial and related issues. The defendants argue that they did not have an opportunity to fully present their case. However, at the close of the plaintiff's case, the defendants were not prepared to put on a case. The

_____

    [1] Joseph Reither.

defendants asked the judge to issue a "bench warrant or capias."

After confirming that the defendants were not prepared to

present evidence, the judge adjourned the trial.  She indicated

that she would rule on the defendants' request to subpoena

witnesses and then, "depending on how [she] rule[d] on that,"

she would "rule on everything else."  Defense counsel agreed

"[o]kay," and "[y]up."  When the plaintiff's counsel asked

whether the parties would be told to come back (to complete

evidence), the judge responded that they might or they might

not.  The defendants did not object to this planned course of

action, and the issue is therefore waived.  See Ciccarelli v.

School Dep't of Lowell, 70 Mass. App. Ct. 787, 799 (2007) ("In

order to raise an issue on appeal, a party must lodge a specific

objection on the record").

2.  Validity of foreclosure sale and assignment of

mortgage.  The defendants argue that the plaintiff did not meet

its burden of proof.  The defendants note that they argued

successfully at summary judgment that the validity of a prior

foreclosure sale presented a genuine issue of fact for decision

at trial.[2]  However, the defendants then failed to contest the

plaintiff's prima facie case at trial.

---

[2] The defendants also maintain that the plaintiff was
obligated to present evidence that a foreclosure by sale
occurred and was conducted in strict compliance with

2

As the defendants acknowledge, the trial evidence included the plaintiff's deed to the property.  This shifted the burden to the defendants to contest the plaintiff's ownership.  See Atkins v. Atkins, 195 Mass. 124, 127 (1907).  Although the defendants challenged this evidence by cross-examination, they did not substantively counter it.  As noted above, the defendants failed to call any witnesses or enter documentary evidence, although, at their request, the judge considered taking judicial notice of an order dismissing a prior summary judgment action and referred to it in her findings.  "It is the appellant's burden to show that a finding of fact is clearly erroneous."  Millennium Equity Holdings, LLC, v. Mahlowitz, 456 Mass. 627, 637 (2010), quoting Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 201, 509 (1997).  "It is not sufficient to challenge the judge's findings by reciting other evidence in the record," Millennium Equity Holdings, supra, or by maintaining that uncontested evidence is not what it appeared to the judge to be.

---

Massachusetts law.  We do not address this argument because we conclude that the plaintiff introduced sufficient evidence to support the judge's determination that it made out a prima facie case.

The defendants made this same argument in their motion for involuntary dismissal, which was denied by the trial judge. For the reasons explained above, we discern no error.[3]

3. <u>Use and occupancy order and judgment</u>. There was no error in a judge's order that the defendants make use and occupancy payments of $1,600 a month. Such payments may properly be ordered, see <u>Bank of N.Y. Mellon</u> v. <u>King</u>, 485 Mass. 37 (2020), and nothing in the record calls into question the propriety of their imposition here. The defendants cite only <u>King</u> in support of their argument that the payments were not allowed, and we are unpersuaded.[4] For the same reasons, we are unpersuaded by the defendants' glancing reference to the impropriety of the award of use and occupancy payments after trial.

4. <u>Denial of postjudgment motions</u>. The defendants claim error in the April 1, 2024 denials of their postjudgment motions but, admittedly, make no appellate arguments, separate from the

_____

[3] The defendants also argue error in the judge's statement that a prior, invalid foreclosure deed acted as an assignment of the mortgage. We do not address this argument because the evidence before the judge, unchallenged by the defendants, adequately supported the judge's determination that the plaintiff made out a prima facie case.

[4] Because the asserted invalidity of the use and occupancy payments is the only basis for the defendants' challenge to the striking of the demand for a jury trial, that challenge fails.

4

ones already addressed, about why the denials were error. Accordingly, based on our analysis above, we discern no error in the denials of the defendants' postjudgment motions.[5]

<u>Judgment affirmed</u>.

<u>Orders entered April 1, 2024,</u>
    <u>denying postjudgment</u>
    <u>motions affirmed</u>.

By the Court (Meade,
    Ditkoff & Hershfang, JJ.[6]),

Clerk

Entered:  September 2, 2025.

---

[5] The plaintiff's motion for attorney's fees is denied, as the equities do not favor such an award in this case.

[6] The panelists are listed in order of seniority.